GUADALUPE J. GARCIA v. C. WHITNEY SLABAUGH, PROSECUTOR OF ELKHART COUNTY; EDWARD ROBINSON, SHERIFF OF ELK-HART COUNTY; AND THE COMMISSIONER OF MOTOR VEHICLES FOR THE STATE OF INDIANA.

[No. 3-973A117. Filed March 28, 1974.]

*Thomas M. Leatherman,* of Goshen, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM.—The plaintiff, Garcia, appeals from the dismissal of his petition for a restricted driver's license made under IC 1971, 9-5-2-1 *et seq.* (Burns Code Ed.).

The petition was not verified. It did not allege petitioner's current driving license was suspended. It did allege that petitioner is an Ohio resident. (Ohio is not a signatory to the Uniform Driver's License Compact, and appellant admits

in his brief that the records show that Garcia's license has not been suspended by the State of Ohio.)

The defendant Sheriff filed a motion to dismiss asserting that the petition was not verified and the petitioner was not a resident. The defendant Commissioner filed a similar motion aserting that petitioner's driver's license has not been suspended. Both motions were sustained by the court.

The subsequent motion to correct errors asserted that it was error to sustain "defendants' motion to dismiss". Appellant's statement of facts and grounds in support thereof in the motion to correct errors is as follows:

"The plaintiff, in support of his motion, would point out to the court that the court's ruling upon the law of the State of Indiana is a denial to plaintiff herein to equal protection under the law of the State of Indiana in that said law is therefore unconstitutional in not providing an equal protection to all of the people who suffer therefrom."

Thus, appellant fails to assert what specific law or laws of the state he complains of, wherein such laws deny "equal protection", or how he is injuriously affected. The assignment is inadequate to present an issue for review. *Ostric* v. *St. Mary's College* (1972), 153 Ind. App. 616, 288 N.E.2d 565. cf. *Cook* v. *State* (1901), 26 Ind. App. 278, 59 N.E. 489. Approached through a different door, there is a valid basis to sustain the trial court's action which was unappealed from.

The present statute covering restricted driving permits, IC 1971, 9-5-2-1 *et seq.* (Burns Code Ed.), is identical to a prior statute, Chapter 369 of the Acts of 1959, with the exception that the present statute deletes a prior requirement that the petition could not be filed for at least fifteen days after receipt of the notice of suspension, and adds as additional prohibitions against the issuance of a restricted license those instances enumerated in the statute where the suspension is due to instability, a homicide, or a previous suspension, or where the petitioner failed to avail himself of timely appeal pro-

cedures provided by the bureau of motor vehicles. In addition, the present statute provides for a two dollar permit fee.

Accordingly, a previous decision construing the prior statute is applicable. In *State ex rel. Gilbert* v. *Circuit Court of Kosciusko County* (1960), 241 Ind. 122, 170 N.E.2d 51, the Indiana Supreme Court observed that:

"The jurisdictional requirements . . . are as follows:
1. That the person's current driving license has been suspended . . .
* * *
4. That such petition shall be verified . . ." 241 Ind. 127, 170 N.E.2d 54.

Here the petition was not verified, nor was it alleged that petitioner's license had been suspended. Each of these defects was asserted in the respective motions to dismiss and no error was asserted with regard to the sustaining of the motion on those grounds.

Accordingly, even assuming *arguendo* that the restricted driver's license statute might be challenged on an equal protection theory, the petitioner herein has shown no injury to enable him to assert the issue, and, as he concedes his Ohio license has not been suspended, he is not a member of the class whose rights might assertedly be infringed upon. *Cheaney* v. *State* (1972), 259 Ind. 138, 285 N.E.2d 265. *State ex rel. Haberkorn* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N.E.2d 62. *State* v. *Clark* (1966), 247 Ind. 490, 217 N.E. 2d 588.

It is well settled that this court will not examine constitutional questions as a matter of mere exercise or academic interest.

Judgment affirmed.

NOTE.—Reported at 308 N.E.2d 714.