STATE of Indiana ex rel. Ralph VAN NATTA, Appellant (Plaintiff Below),

v.

Jerry W. HEYING, Appellee (Defendant Below).

No. 3-277A40.

Court of Appeals of Indiana, Third District.

Sept. 24, 1979.

Theo. L. Sendak, Atty. Gen., Gerald M. Arthur, Deputy Atty. Gen., Indianapolis, for appellant.

HOFFMAN, Judge.

On May 14, 1975, the LaPorte Circuit Court found defendant Jerry W. Heying to be an habitual traffic offender pursuant to IC 1971, 9–4–13–1 et seq. (Burns Code Ed.) and prohibited him from holding an Indiana driving permit for a period of ten years from that date. Thereafter, defendant filed a motion for Relief from Judgment and Court Order under Ind. Rules of Procedure, Trial Rule 60(B)(8) alleging that the trial court's order would work an extreme financial and personal hardship on him and his family. After a hearing on the matter, the trial court modified its judgment pursuant to TR. 60(B)(7) so that defendant's driving privileges were restored for the limited purpose of driving to and from his place of employment because it was no longer equitable that the order previously entered should have prospective application.

The issue presented by this appeal is whether the trial court was empowered to modify its judgment ordering the defendant to surrender his license for ten years.

Once an individual is found to be an habitual traffic offender, the trial court has very limited discretion in fashioning its order. IC 1971, 9–4–13–10 (Burns Code Ed.) provides in pertinent part:

"If the court finds that the defendant is the same person named in the abstracts and that the defendant is an habitual traffic offender as defined in section 3(a), the court shall so find and adjudge the defendant an habitual traffic offender, and shall by appropriate order direct the person so adjudged to surrender to the court his license to operate a motor vehicle, and by further order direct the person so adjudged not to operate a motor vehicle on the streets and highways of this state for a period of ten [10] years, unless in a case of a certification because of violations described in section 3(a)(3) hereof, defendant establishes by a preponderance of the evidence, and the court specially finds that the defendant operates a motor vehicle for commercial or business purposes; that his mileage for such purpose is substantially in excess of the mileage of an average driver; and that such excessive mileage may have been a factor contributing to such certification. Upon such a finding, a court may place the defendant on probation for a period of not less than one [1] year nor more than three [3] years, or may order that the defendant's driving privileges be restricted to business or commercial uses, including driving to and from his place of employment, for any specific period not exceeding ten [10] years."

From this statute it is apparent that the trial court must order an habitual traffic offender to surrender his license and not to operate a motor vehicle in Indiana for ten years from the date of the judgment unless the offender establishes and the trial court specially finds that he comes within the purview of the commercial/business purposes exception. In such cases the trial court may place the defendant on probation or grant him restricted driving privileges.

In the instant case, however, the trial court specifically found that the defendant had not established that he fell within the exception. Therefore, the trial court had no choice but to order the defendant to surrender his license and prohibit him from operating a motor vehicle for ten years.

When the trial court, pursuant to TR. 60(B)(7), modified its order so as to restore the defendant's driving privileges for the limited purpose of driving to and from his place of employment, it exceeded

its powers and circumvented the procedure for obtaining a restricted driving permit. The proceeding for obtaining a restricted driving permit is purely a creature of statute. By enacting IC 1971, 9–5–2–1 et seq. (Burns Code Ed.), the General Assembly created the source of power in the courts to hear petitions for restricted driving permits. These statutes provide a special procedure for obtaining a restricted driving permit and control the exercise of the judicial function. *State ex rel. Root v. Allen C.C.* (1972), 259 Ind. 500, 289 N.E.2d 503. In other words, IC 1971, 9–5–2–1 et seq. limit what would have otherwise been a general power of the LaPorte Circuit Court to modify its order.

For an habitual traffic offender whose license has been suspended to obtain a restricted driving permit, he must file a verified petition which includes the following information:

"(a) petitioner's age; place of residence, and occupation; and

(b) that he has never been convicted of a similar offense or been suspended for a similar reason before; and

(c) the reason and nature of such hardship or burden upon his family or dependents; and

(d) the nature of and the necessity of the use of a motor vehicle in his employment; and

(e) petitioner's place of employment, hours worked, and route to be traveled for employment purposes."

IC 1971, 9–5–2–2 (Burns Code Ed.).

■ The record indicates that defendant's TR. 60(B) motion was not verified. The failure to verify a petition for a restricted driving permit has been held fatal to the relief sought. *Garcia v. Slabaugh et al.* (1974), 159 Ind.App. 631, 308 N.E.2d 714. Moreover, his motion did not include all the information required by IC 1971, 9–5–2–2. Accordingly, his motion was defective and should have been dismissed.

Judgment reversed.

GARRARD, P. J., and STATON, J., concur.