**Robert H. BOWEN, Appellant
(Plaintiff Below),**

v.

**Lewis N. MULLIN, Prosecuting Attorney of Carroll County, Indiana, Dale MaCurdy, Sheriff, Carroll County, Indiana, Ralph Van Natta, Commissioner of Motor Vehicles, State of Indiana, Appellees (Defendants Below).**

**No. 2–379A54.**

Court of Appeals of Indiana,
Second District.

Oct. 3, 1979.

Florence Anne Briggs, Briggs & Briggs, Flora, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Judge.

Petitioner-appellant Robert H. Bowen appeals the trial court's dismissal of his petition for a restricted driving permit pursuant to IC 9–5–2–1 (Burns Code Ed., Supp. 1978).

We affirm.

On July 14, 1978, by order of the Carroll Circuit Court, Bowen was adjudged an Habitual Traffic Offender and was prohibited from operating a motor vehicle on the streets and highways of Indiana for a period of (10) years. No appeal was taken from this action. Thereafter, on August 3, 1978, Bowen filed a petition for a restricted driving permit pursuant to IC 9–5–2–1 requesting a hardship license to drive to and from work. Subsequently, upon State's motion, Bowen's petition was dismissed. This timely appeal followed.

■ Bowen advances two arguments to support his contention that the trial court erred in dismissing his petition. We do not address his arguments, however, for the reason IC 9–5–2–1 is not available to an

---

individual who has been adjudged an Habitual Traffic Offender, IC 1971, 9–4–13–1 *et seq.* (Burns Code Ed.).

Pursuant to IC 9–4–13–18, the provisions of IC 1971, 9–5–2–1 to 6 have no applicability to one who has been adjudged an Habitual Traffic Offender. IC 9–4–13–18 provides, *inter alia* :

> Provided specifically, however, That the provisions of IC 1971, 9–5–2 [9–5–2–1—9–5–2–6] shall have no application to this chapter.

Thus one who has been adjudged an Habitual Traffic Offender may not petition for a restricted driving permit pursuant to IC 9–5–2–1. *But see State ex rel. Van Natta v. Heying,* (1979) Ind.App., 394 N.E.2d 245.

 The trial court's authority to grant a restricted license to one certified an Habitual Traffic Offender is very limited and such authority is found in the Habitual Traffic Offender Act itself. *See State ex rel. Van Natta v. Marlett,* (1977) 266 Ind. 571, 365 N.E.2d 763. Pursuant to IC 9–4–13–10, the trial court may issue a restricted driving privilege only when the certification as an Habitual Traffic Offender is for violations described in IC 9–4–13–3(a)(3) and the defendant establishes by a preponderance of the evidence that he "operates a motor vehicle for commercial or business purposes; that his mileage for such purposes is substantially in excess of the mileage of an average driver; and that such excessive mileage may have been a factor contributing to such certification." [1]

Thus one who has been certified as an Habitual Traffic Offender may not petition for a restricted driving permit pursuant to IC 9–5–2–1. Rather, the trial court's authority to issue a restricted driving permit to a certified Habitual Traffic Offender is limited to those circumstances provided in IC 9–4–13–10. *State ex rel. Van Natta v. Marlett, supra.* Hence, the trial court did not err in dismissing Bowen's petition.

The judgment of the trial court is affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

1. Bowen's certification as an Habitual Traffic Offender was not pursuant to IC 9–4–13–3(a)(3).