**John V. DORA, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 07A01–0004–CR–120.**

Court of Appeals of Indiana.

Oct. 18, 2000.

Transfer Denied Dec. 21, 2000.

Thomas M. Barr, Nashville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant John V. Dora ("Dora") appeals his conviction, following a bench trial, for performing an unsafe start in violation of Indiana Code section 9–21–8–3, a class C infraction.[1] We reverse.

### Issue

The restated issue on appeal is whether there was sufficient evidence to support the trial court's judgment.

### Facts

The facts most favorable to the judgment indicate that on the evening of No-

---

1. *See* IND.CODE §§ 9–21–8–23 and 9–21–8–49.

vember 9, 1999, Dora had been experiencing car problems with his 1958 Chevrolet Corvette in Nashville, Indiana. Dora's car had been in storage for most of the year, but he had taken it out to show it to Jessica Boebinger, who was working at the Artist Colony Inn (the "Inn"). After stopping at the Inn, Dora's car would not restart. However, after obtaining the assistance from three acquaintances, Dora was able to get his car running. However, after Dora turned onto Van Buren Street, his car engine died again. Dora and his acquaintances were unable to push start the car. They were able, however, to restart the engine after strapping the corvette to another car and pulling it. When the car finally did start, Dora had to keep the car's R.P.M.'s up in order to keep the car running.

Officer Terry West ("Officer West") of the Nashville Police Department observed Dora stop his vehicle at the intersection of Van Buren and Washington streets. When Dora subsequently initiated a right-hand turn, Officer West observed Dora "over-accelerate" the vehicle he was driving, causing the tires on his car to spin and squeal for approximately three to four seconds. Officer Dora also observed smoke rolling out from the car's tires. The intersection where this event occurred was close to the Family Fun Center (the "Center"), and there were some youths in front of the Center at the time Dora stopped there. Officer West followed Dora, initiated a traffic stop, and cited him for an unsafe start in violation of Indiana Code section 9–21–8–23.

### Procedural History

At trial, Officer West testified on cross-examination as follows:

[Counsel]: [Officer West], as I recall your testimony on direct examination, you do not recall whether there were any young people at the church parking lot that night?

[West]: No, I do not recall, no.

[Counsel]: And you do not recall whether there were any pedestrians in the area of the Bigfoot. Is that correct?

[West]: Yeah, there was [sic] people around [sic] Bigfoot area, yes.

[Counsel]: People, for instance, getting gas in their cars?

[West]: Yeah. I mean, there was traffic in and out of there probably, yes.

[Counsel]: All right. Probably?

[West]: Yeah. I just know there was people around [sic] Bigfoot area.

[Counsel]: Okay. All right. And the young people that you observed at the Family Fun Center were up in the golf course area, were they not?

[West]: No they were not.

[Counsel]: Where were they?

[West]: The kids ..[.] there was [sic] probably at least eight..[.] eight kids along the sidewalk there of the corner there at the Fun Center.

[Counsel]: Okay. But they were on the sidewalk.

[West]: Yes.

[Counsel]: Okay. You're not testifying that there were any pedestrians crossing the road in front of Mr. Dora's car, are you?

[West]: No.

[Counsel]: All right. And you're not testifying that there was any other traffic in the path of Mr. Dora's car[?]

[West]: Not that I can recall, no.

[Counsel]: Okay. Uh, so your sole basis for your opinion that this was an unsafe start is the fact that you heard and saw the tires squeal?

[West]: Yes.

(R. 31–2.) Officer West also made the following response on re-cross examination:

> [Counsel]: Other than the sound of squealing and the smoke you say you saw, was there anything else that you observed about the manner in which this car moved that would indicate to you that it was out of control?
>
> [West]: At the time of the unsafe start, no.

(R. 36.) At the conclusion of trial, the court found Dora guilty of making an unsafe start. In so doing, the trial court stated the following:

> [Court]: All right. Well, look. Now, spinning your tires while starting from a stop position is, in my opinion, a classic unsafe start. When you break traction while you're starting from a stopped position you're making an unsafe maneuver. The defendant committed Count I .... the fine is Ninety Dollars.

(R. 69.) This appeal ensued.

### Discussion and Decision

Dora challenges the sufficiency of the evidence supporting the trial court's judgment. Specifically, Dora argues that Officer West's determination that Dora's start was unsafe solely because of the squealing tires and smoke was insufficient evidence to support a violation of Indiana Code 9–21–8–23 because, regardless of whether his tires squealed and spun, there was simply no evidence that, after stopping, Dora failed to proceed with reasonable safety, especially in light of the fact that "Officer West admitted that there was no vehicle or pedestrian traffic on the roadway that could have made this start otherwise unsafe." (Appellant's brief at 8.) Thus, Dora contends that the trial court improperly focused on the *manner* in which he started his vehicle, rather than the *timing* of the start; as dictated by the statute.

### Standard of Review

■ Our standard of review for challenges to the sufficiency of the evidence is well settled. In reviewing claims of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Williams v. State*, 677 N.E.2d 1077, 1082 (Ind.Ct.App.1997). Instead, we consider only the evidence most favorable to the judgment and any reasonable inferences to be drawn therefrom. *Casey v. State*, 676 N.E.2d 1069, 1072 (Ind.Ct.App. 1997). We will affirm the conviction if substantial evidence of probative value supports the conclusions of the trier of fact. *Id.*

### Analysis

The issue of whether squealing and spinning one's tires constitutes an unsafe maneuver in violation of Indiana Code section 9–21–8–23 is a matter of first impression for this Court.

■ Statutory interpretation is the responsibility of the court and within the exclusive province of the judiciary. *State v. Hensley*, 716 N.E.2d 71, 76 (Ind.Ct.App. 1999), *trans. denied.* Generally, courts are not at liberty to construe a statute that is unambiguous. *City of Evansville v. Zirkelbach*, 662 N.E.2d 651 (Ind.Ct.App.1996). A statute is ambiguous when the wording of the statute arguably supports either of the competing interpretations advocated by the parties. *Miller v. Bryant*, 644 N.E.2d 188, 191 (Ind.Ct.App.1994).

■ Indiana Code section 9–21–8–23 reads as follows, "A person may not start a vehicle that is stopped, standing, or parked until the movement can be made with reasonable safety." This wording is unambiguous. The statute makes clear that a driver may not start a vehicle that is stopped, standing, or parked, until such movement can be made with reasonable safety. While we consider it to be unwise, in most circumstances, to over-accelerate one's car

thereby causing the tires to spin and squeal, there is nothing in the statute specifically prohibiting such conduct at all times. Had the Legislature intended for the provisions of this traffic regulation to prohibit the spinning and squealing of ones tires in all circumstances, it could have easily provided for such regulation.

Because performing an unsafe start constitutes an infraction, the State was required to prove the commission of said infraction by only a preponderance of the evidence. *See State ex. rel. City of New Haven v. Allen Superior Court,* 699 N.E.2d 1134, 1136 (Ind.1998); *see also* IND. CODE § 9-21-8-49. However, after carefully reviewing the evidence most favorable to the trial court's judgment, we find that there simply was no evidence adduced at trial that Dora's commencement of the right-hand turn constituted a threat to himself or anyone else. While it certainly is conceivable that spinning one's tires to the point that they begin to squeal and smoke might, under a different set of facts, be unreasonably safe, here, there was no evidence offered of any danger created by this conduct, either to Dora or anyone else. Nor did the State provide any evidence that Dora started his vehicle before said movement could be made with reasonable safety. The fact that Dora spun and squealed his tires does not ipso facto mean said conduct violated the "reasonable safety" mandate, which is the essence of the statutory prohibition. Accordingly, the trial court erred in entering judgment against Dora.

Reversed.

RILEY, J., and BARNES, J., concur.