Gary GIBSON, Commissioner of The
Bureau of Motor Vehicles,
Appellant–Respondent,

v.

Claribell O. HERNANDEZ,
Appellee–Petitioner.

No. 71A03–0109–CV–301.

Court of Appeals of Indiana.

Feb. 26, 2002.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Mark A. Kopinski, South Bend, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Gary Gibson, Commissioner of the Indiana Bureau of Motor Vehicles ("BMV"), appeals the trial court's grant of a restricted driving permit to Claribell O. Hernandez. The BMV raises one issue, which we restate as whether the trial court erred when it granted a restricted driving permit to Hernandez that allowed Hernandez to drive to, from, and during the course of her employment and to transport her children to and from both school and doctor's appointments in emergencies. We affirm in part and reverse in part.

The relevant facts follow. On July 30, 1999, Hernandez was charged with driving without a valid license, a class C misdemeanor.[1] Hernandez pleaded guilty to the charge on September 19, 2000. As a result of the charge against Hernandez, the BMV requested that she provide proof of financial responsibility, which she failed to do.[2] Hernandez eventually received a valid driver's license on December 28, 2000. Nevertheless, her driver's license was suspended from March 24, 2001 to June 22, 2001 because she had failed to provide proof of financial responsibility as requested by the BMV.[3]

Hernandez filed a petition for a restricted driving permit due to hardship circumstances. On March 27, 2001, the trial court granted Hernandez's petition and ordered the following:

[P]etitioner Claribell O. Hernandez is granted a restricted driving permit to enable her to drive to and from and in the course of her employment and drive her children to and from school and any Doctor appointments in case of an emergency beginning March 27, 2001 to June 22, 2001.

Appellant's Appendix at 3. The State filed a motion to correct error and a motion for

1. Ind.Code § 9–24–18–1.

2. Ind.Code § 9–25–5–1.

3. I.C. § 9–25–5–1.

a stay pending appeal. The trial court denied both motions.

■ Prior to addressing the issue raised by the BMV, we must first address Hernandez's argument that the BMV's appeal should be dismissed as moot because the suspension of Hernandez's driver's license ended on June 22, 2001. The longstanding rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court. *In re Lawrance,* 579 N.E.2d 32, 37 (Ind.1991). "When the concrete controversy at issue in a case has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed." *Id.* However, a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest." *Id.* Cases found to fall within the public interest exception typically contain issues likely to recur. *Id.*

■ In the present case, the BMV suspended Hernandez's driver's license from March 24, 2001 to June 22, 2001. Hernandez requested and the trial court granted a restricted driving permit. The BMV is claiming that the trial court's order was erroneous because it exceeded the authority of the creating statute. Given the frequency of suspensions of driver's licenses and the frequency of requests for restricted driving permits, this issue is likely to recur. As the BMV points out, the grant of a restricted driving permit to a driver who has violated the law in some respect involves public safety concerns. Thus, the proper interpretation of Ind.Code § 9–24–15–2 is an important question. Because the exception to the general rule on mootness is implicated, we will address the merits of the BMV's claim. *See, e.g., A.D. v. State,* 736 N.E.2d 1274, 1276 (Ind.Ct. App.2000) (addressing juvenile's three-month sentence at the Indiana Girls School despite mootness of issue).

■ The sole issue raised by the BMV is whether the trial court erred when it granted a restricted driving permit to Hernandez that allowed Hernandez to drive to, from, and during the course of her employment and to transport her children to and from both school and doctor's appointments in emergencies. Specifically, the BMV alleges that the trial court exceeded its authority under Ind.Code § 9–24–15–2. The interpretation of a statute is a question of law reserved for the courts. *State v. Rans,* 739 N.E.2d 164, 166 (Ind.Ct.App.2000), *trans. denied.* Appellate courts review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.* The primary goal in interpreting the meaning of a statute is to determine and effectuate legislative intent. *Herron v. State,* 729 N.E.2d 1008, 1010 (Ind.Ct.App.2000), *trans. denied.* We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Johnson v. State,* 721 N.E.2d 327, 332 (Ind.Ct.App.1999), *trans. denied.* We may not read into a statute that which is not the expressed intent of the legislature. *Herron,* 729 N.E.2d at 1010. If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Rans,* 739 N.E.2d at 166. A statute is ambiguous when the wording of the statute arguably supports either of the competing interpretations advocated by the parties. *Dora v. State,* 736 N.E.2d 1254, 1256 (Ind.Ct.App.2000), *trans. denied.*

Ind.Code § 9–24–15–2 provides that if:

(1) an individual's driving license has been suspended under Indiana motor vehicle law; and,

(2) because of the nature of the individual's employment the suspension would work an undue hardship and burden upon the individual's family or dependents;

the individual may file a verified petition for a restricted driving permit for the *sole purpose of driving to and from work and in the course of employment* during the period of the driving license suspension.

I.C. § 9–24–15–2 (emphasis added). This court has previously noted that "[t]he proceeding for obtaining a restricted driving permit is purely a creature of statute.... These statutes provide a special procedure for obtaining a restricted driving permit and control the exercise of the judicial function." *State ex rel. Van Natta v. Heying*, 182 Ind.App. 197, 199, 394 N.E.2d 245, 247 (1979).

The BMV contends that the trial court exceeded its authority by granting Hernandez a restricted driving permit that allowed her to drive her children to school and doctor's appointments in cases of emergency. Hernandez argues that the trial court has discretion to evaluate each individual's circumstances in issuing the restricted driving permit.

■ The statute states that the restricted driving permit may be granted "for the *sole purpose of driving to and from work and in the course of employment* during the period of the driving license suspension." I.C. § 9–24–15–2 (emphasis added). This language is clear and unambiguous and does not support competing interpretations. We are constrained to interpret the statute according to the plain and ordinary meaning of the language. *See Rans*, 739 N.E.2d at 166. The plain and ordinary meaning of the statutory language limits the use of a restricted driving permit to the sole purpose of driving to and from work and in the course of employment. *See* I.C. § 9–24–15–2.

■ Thus, the trial court did not err in granting a restricted driving permit to Hernandez for the purpose of driving to and from work and in the course of her employment. *Id.* However, the statute does not permit a trial court to grant a restricted driving permit for the transportation of children to and from school and doctor's appointments even in emergencies. *Id.* The trial court erred when it granted a restricted driving permit to Hernandez allowing her to transport her children to and from school and doctor's appointments in emergencies.[4] *See, e.g., State ex rel. Van Natta v. Marlett*, 266 Ind. 571, 578, 365 N.E.2d 763, 766 (1977) (holding that the trial court had no statutory authority to grant defendant a restricted driving license).

For the foregoing reasons, we affirm the trial court's grant of a restricted driving permit to Hernandez for the purpose of driving to and from work and in the course of her employment. However, we reverse the trial court's grant of a restricted driver's license to Hernandez for the purpose of transporting her children to and from

---

**4.** Hernandez also argues that the suspension of her driver's license violated her due process rights. However, in this case, the BMV appeals the grant of a restricted driving permit to Hernandez. Hernandez did not appeal the suspension of her driver's license. Rather, she requested that the trial court issue a restricted driving permit to her. Hernandez may not now challenge the suspension of her driver's license. Hernandez has waived this issue by failing to file a timely appeal of the suspension of her license. *See, e.g., Harkrider v. Lafayette Nat. Bank*, 613 N.E.2d 36, 42 (Ind.Ct.App.1993) (dismissing appeal for failure to file a timely praecipe).

school and doctor's appointments in emergencies.

Affirmed in part and reversed in part.

DARDEN, J. concurs.

BAILEY, J. concurs in part and dissents in part with separate opinion.

BAILEY, J., concurring in part and dissenting in part.

While I concur with the majority's affirmation of the trial court's grant of a restricted driving permit to Hernandez, I respectfully dissent from the majority's reversal of the order providing that Hernandez may drive her children to and from school and doctor's appointments in emergencies. In my opinion, the majority too narrowly construes the term "employment" as used in Indiana Code section 9–24–15–2(2).

"Employment" is not defined in the context of Indiana Code section 9–24–15–2. However, the majority assumes the term encompasses only services performed outside the home for which monetary compensation is received. The cardinal rule of statutory construction is to determine and give effect to the true intent of the legislature. *T.W. Thom Constr., Inc. v. City of Jeffersonville*, 721 N.E.2d 319, 324 (Ind.Ct. App.1999). Absent a clearly manifested purpose to do otherwise, words used in a statute are to be given their ordinary and plain meaning. *Id.* Presumably, in contemporary society, the services of a parent inside the home constitute employment on an equal par with services performed outside the home. It is unduly restrictive, and punitive to the family unit, to differentiate between employment inside and outside the home when determining what services must necessarily be accommodated to avoid "undue hardship."

Pursuant to Indiana Code section 9–24–15–2, an individual may petition for a driving permit to allow the individual to drive "to and from work *and in the course of employment.*" (emphasis added.) Clearly, a single parent such as Hernandez, the sole custodian of two children, is required "in the course of employment" to provide transportation in emergencies to the children for whom she is a caregiver. The duty to provide emergency transportation would necessarily exist whether her role was that of a salaried child care worker or that of a parent performing the same function.

Additionally, I consider the majority's reliance upon *State ex rel. Van Natta v. Marlett*, 266 Ind. 571, 365 N.E.2d 763 (1977) misplaced. In *Marlett*, the Indiana Supreme Court held that the trial court lacked authority to grant a restricted drivers license under Indiana Code section 9–4–13–10 [now repealed] to the defendant, an adjudicated habitual traffic offender who had accumulated nine offenses including speeding, reckless driving and driving while under the influence. Here, Hernandez's license was suspended from March 24, 2001 to June 22, 2001 because she had failed to provide proof of financial responsibility as requested by the BMV. Under these circumstances, the trial court did not lack authority to grant a restricted license.

Moreover, *Marlett* should not be construed to suggest that the trial court is wholly lacking in discretion to designate the terms of the employment-related restricted license. Clearly, Indiana Code section 9–24–15–2(2) confers upon the trial court the discretion to determine what constitutes an "undue hardship and burden" upon the individual's family or dependents. As a corollary, the trial court is afforded some discretion to determine what is "in the course of employment." Just as the trial court was empowered to determine that an undue hardship would

befall Hernandez's minor children if she were unable to report to her paid employment at the Olive Garden Restaurant, the trial court was empowered to determine that an undue hardship would befall the children if their sole caregiver were unable to transport them in a medical or educational emergency. Finally, the trial court could reasonably determine that such transportation duties were within the course of Hernandez's employment as an unpaid caregiver.