**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 16 2012, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MICHAEL B. TROEMEL**
Lafayette, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1110-PL-952 |
| | ) | |
| ANGELA BENNETT, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Michael A. Morrissey, Judge
Cause No. 79D06-1107-PL-16

**February 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

The State of Indiana appeals the trial court's order granting Angela Bennett a restricted driver's license. Because the record shows that Bennett has a prior conviction that disqualifies her from receiving a restricted license, we reverse.

**Facts and Procedural History**

The record shows that Bennett's driver's license was suspended in 2006 for ten years for being a habitual traffic violator (HTV). Appellant's App. p. 6. Bennett was determined to be a HTV because she accumulated three operating while intoxicated convictions within ten years – 1998, 2004, and 2006. Tr. p. 2, 4.

In 2011, Bennett filed a Verified Petition for Hardship License pursuant to Indiana Code chapter 9-30-10. She alleged, among other things, that she had served five years of her ten-year license suspension and had "never been convicted of a violation described in I.C. 9-30-10-4(a)." Appellant's App. p. 4, 5; *see* Ind. Code § 9-30-10-4(a)(3) (listing, among other disqualifying violations, "Failure of the driver of a motor vehicle involved in an accident resulting in death or injury to any person to stop at the scene of the accident and give the required information and assistance"). Bennett's four-page Official Driver Record, however, shows that she was convicted of leaving the scene of an accident resulting in injury in October 1992 under Cause No. 79E01-9205-CF-199. Appellant's App. p. 8 (listing Bennett's conviction as "accident leaving the scene-injury/death/entrapment").

2

At the hearing on Bennett's petition for a hardship license, she explained the circumstances surrounding her 1992 conviction for leaving the scene of an accident resulting in injury:

> [I]t happened 20 years ago I was 23 years old, . . . alcohol was not involved. We hit a vehicle, it knocked me out. I didn't tell on my girlfriend, . . . she drove me to my dad's and my dad took me over to the Lieutenant Reed.[1] It was under a thousand dollars damage. It was an arm socket pulled out and I paid full restitution for the damage.

Tr. p. 5. Bennett clarified that it was "a passenger" who was injured, but she did not say whether it was a passenger in her car or the car that she hit. *Id.* The State argued that Bennett was ineligible for a restricted driver's license because of her 1992 conviction for leaving the scene of an accident resulting in injury, which is specifically listed under Section 4(a). Bennett's attorney, on the other hand, argued that she was eligible for a restricted license because her ten-year HTV suspension had nothing to do with her 1992 conviction for leaving the scene of an accident resulting in injury. The trial court found the issue "interesting" and took the matter under advisement. *Id.* at 9.

The court later issued Bennett a restricted license in an order which provides in part:

> Indiana Code 9-30-10-9(e)(2) precludes the granting of probationary driving privileges where the petitioner has a conviction described in section 9-30-10-4(a). Section 4(a)(c) does not simply incorporate by reference Indiana's leaving the scene statute, but rather specifically states "Failure of the driver of a motor vehicle involved in an accident resulting in death or injury to any person to stop at the scene of the accident **and give the required information and assistance".** (emphasis added)
> Here, Petitioner's driving history shows a conviction entered October 26, 1992 for "Accident leaving the scene-injury/death/entrapment". The Court recognizes that this conviction was entered for leaving the scene

---

[1] It is unclear what "the Lieutenant Reed" means or even refers to.

of an accident resulting in injury. However, Petitioner testified . . . that the victim drove the petitioner in petitioner's car, following the crash, to the residence of petitioner's father who then transported the petitioner and presumably the victim to a medical care provider for treatment. Further, section 4(a)(3) requires the giving of "required information". The victim of petitioner's leaving the scene conviction was a friend of this petitioner, accompanied the petitioner away from the scene of the accident, and petitioner ultimately paid for the victim[']s medical treatment. The underlying facts of petitioner's leaving the scene are significantly different from what this Court feels was the legislative intent in prohibiting probationary driving privileges where a motor vehicle accident results in injury and the driver departs without any regard for the well being of the victim.

Although Petitioner was previously convicted of leaving the scene of an accident resulting in injury, the Court cannot find that petitioner failed to give the required information and assistance to the victim. Therefore, the Petitioner's prior leaving the scene of accident conviction does not bar the granting of probationary driving privileges.

Appellant's App. p. 10.

The State now appeals. *See* Ind. Code § 9-30-10-10 (authorizing the State to appeal the trial court's judgment).

**Discussion and Decision**

The State argues that the trial court erred in issuing Bennett a restricted driver's license. The trial court's authority to grant a restricted license to one certified as a HTV is very limited; such authority must be found in the statute itself. *See Bowen v. Mullin*, 182 Ind. App. 325, 326, 395 N.E.2d 314, 315 (1979).

Indiana Code section 9-30-10-9 allows a trial court to issue a restricted driver's license (also known as a hardship license) to certain HTVs. The parties agree that subsection (e) of the restricted-license statute applies here:

(e) If a court finds that a person:

(1) is a habitual violator under section 4(b) or 4(c) of this chapter;

4

(2) *does not have any judgments*[2] *for violations under section 4(a) of this chapter*;

(3) does not have any judgments or convictions for violations under section 4(b) of this chapter, except for judgments or convictions under section 4(b)(5) of this chapter that resulted from driving on a suspended license that was suspended for:

    (A) the commission of infractions only; or

    (B) previously driving on a suspended license;

(4) has not been previously placed on probation under this section by a court; and

(5) has had the person's driving privileges suspended under this chapter for at least three (3) consecutive years and has not violated the terms of the person's suspension by operating a vehicle for at least three (3) consecutive years;

the court may place the person on probation under subsection (d).

Ind. Code § 9-30-10-9(e) (emphasis added). Section 4(a), in turn, lists "Failure of the driver of a motor vehicle involved in an accident resulting in death or injury to any person to stop at the scene of the accident and give the required information and assistance." Indiana Code section 9-26-1-1 requires drivers who are involved in accidents resulting in injury to a person to stop immediately, return to the scene, and provide certain information, such as name, address, registration number, and (if requested) driver's license. Violating this section is at least a Class A misdemeanor and can be a Class B, C, or D felony depending on the circumstances. Ind. Code § 9-26-1-8(a).

Bennett was a HTV under Section 9-30-10-4(b) because she accumulated three OWI convictions in ten years. *See* Appellee's Br. p. 5-6. As a result, she received a ten-year license suspension. *See* Ind. Code § 9-30-10-5(b)(3). According to the plain

---

[2] As used in Indiana Code chapter 9-30-10, "Judgment" means "(1) a judgment of conviction against the defendant in a felony or misdemeanor case; or (2) a civil judgment against the defendant in an infraction or ordinance proceeding." Ind. Code § 9-30-10-1.

language of the restricted-license statute, Section 9-30-10-9, Bennett is ineligible for a restricted license because she has a "judgment[] for [a] violation[] under section 4(a)." That is, Bennett has a 1992 conviction for "accident leaving the scene-injury/death/entrapment." Appellant's App. p. 8. Contrary to Bennett's argument, her disqualifying conviction under section 4(a) does not have to be the basis for her ten-year HTV license suspension. In fact, sections 4(a) and 4(b) list different offenses. Therefore, a disqualifying conviction under section 4(a) can be different than the convictions which led to the HTV determination in the first place.

Moreover, Bennett admitted that she was convicted of leaving the scene of an accident resulting in injury, despite her contrary affirmation in her petition that she had no disqualifying conviction. This conviction falls squarely within the list of offenses that disqualify Bennett from receiving a restricted driver's license. Although Bennett argues and the trial court found that the facts of Bennett's 1992 conviction were not sufficient to disqualify her from receiving a restricted driver's license, the restricted-license statute does not provide a mechanism to evaluate the prior convictions or give the court the discretion to set aside otherwise disqualifying prior convictions. This is essentially what the trial court did here. The trial court's authority to grant a restricted license is limited and arises from the statute. Because Bennett has a conviction under section 4(a), she is disqualified from receiving a restricted license under Section 9-30-10-9(e).

Reversed and remanded.

ROBB, C.J., and NAJAM, J., concur.

6