**OPINION ON REHEARING**



FILED
Mar 24 2015, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Craig A. Dechert
Howard County Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kolyann Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 24, 2015 <br><br> Court of Appeals Case No. <br> 34A02-1406-CR-418 <br><br> Appeal from the Howard Superior Court <br> The Honorable William C. Menges, Jr., Judge <br> Case No. 34D01-1402-CM-101 |

**Bradford, Judge.**

[1] On December 9, 2014, in a published opinion, we reversed Appellant-Defendant Kolyann Williams's conviction for Class A misdemeanor marijuana possession. *Williams v. State*, 22 N.E.3d 730 (Ind. Ct. App. 2014). We reversed Williams's conviction on the basis that the traffic stop that led to the discovery of marijuana in his possession was based on the police officer's mistaken belief

that an infraction had occurred. *Id*. at 735. Appellee-Plaintiff the State of Indiana now petitions for rehearing, arguing that the United States Supreme Court's recent decision in *Heien v. N. Carolina*, 135 S. Ct. 530 (2014), requires a different result. *Heien* held that reasonable mistakes of law, as well as fact, can give rise to reasonable suspicion under the Fourth Amendment. *Id*. at 536. Because we agree with the State, we grant its petition for rehearing and affirm the judgment of the trial court.

In *Heien*, a case similar to this one, the defendant was a passenger in a car that was pulled over for having only one properly functioning brake light. *Id*. at 535. After being convicted of trafficking in cocaine, Heien appealed, and the North Carolina Court of Appeals reversed on the basis that driving with only one working brake light was not actually a violation of North Carolina law, which provided that a car must be

> equipped with a stop lamp on the rear of the vehicle. The stop lamp shall display a red or amber light visible from a distance of not less than 100 feet to the rear in normal sunlight, and shall be actuated upon application of the service (foot) brake. The stop lamp may be incorporated into a unit with one or more other rear lamps.

*Id*. (citations omitted).

Ultimately, the United States Supreme Court took the case, and held as follows: "The question here is whether reasonable suspicion can rest on a mistaken understanding of the scope of a legal prohibition. We hold that it can." *Id*. at

536. The Court qualified this, requiring that the error of law be objectively reasonable. *Id*. at 540.

[4]     The *Heien* Court had

> little difficulty concluding that the officer's error of law was reasonable. Although the North Carolina statute at issue refers to "*a* stop lamp," suggesting the need for only a single working brake light, it also provides that "[t]he stop lamp may be incorporated into a unit with one or more *other* rear lamps." N.C. Gen. Stat. Ann. § 20-129(g) (emphasis added). The use of "other" suggests to the everyday reader of English that a "stop lamp" is a type of "rear lamp." And another subsection of the same provision requires that vehicles "have all originally equipped rear lamps or the equivalent in good working order," § 20-129(d), arguably indicating that if a vehicle has multiple "stop lamp[s]," all must be functional.

> The North Carolina Court of Appeals concluded that the "rear lamps" discussed in subsection (d) do not include brake lights, but, given the "other," it would at least have been reasonable to think they did. Both the majority and the dissent in the North Carolina Supreme Court so concluded, and we agree. *See* 366 N.C., at 282-283, 737 S.E.2d, at 358-359; *id*., at 283, 737 S.E.2d, at 359 (Hudson, J., dissenting) (calling the Court of Appeals' decision "surprising"). This "stop lamp" provision, moreover, had never been previously construed by North Carolina's appellate courts. *See id*., at 283, 737 S.E.2d, at 359 (majority opinion). It was thus objectively reasonable for an officer in Sergeant Darisse's position to think that Heien's faulty right brake light was a violation of North Carolina law. And because the mistake of law was reasonable, there was reasonable suspicion justifying the stop.

*Id*. at 540.

[5] The basis of our holding in our original opinion was that even a good-faith but mistaken belief about what constitutes an infraction could not give rise to reasonable suspicion to make a traffic stop under the Fourth Amendment.[1] *See Ransom v. State*, 741 N.E.2d 419, 422 (Ind. Ct. App. 2000) ("Although a law enforcement officer's good faith belief that a person has committed a violation will justify a traffic stop…, an officer's mistaken belief about what constitutes a violation does not amount to good faith."). After *Heien*, the basis for our original disposition is no longer good law.

[6] The only question, then, is whether Officer Packard's belief that an infraction was being committed was objectively reasonable. To briefly reiterate, Officer Packard, when he encountered Williams's car, "observed that the passenger side taillight had a large hole in it that was allowing a significant amount of white light to emit out of it while it was in forward motion." Tr. p. 6. The hole was the size of approximately forty to fifty percent of the entire tail lamp with a "miniscule" amount of red light emitting from around the outer rim. Tr. p. 10. Officer Packard described the "unfiltered" white light as "overwhelming" the "filtered red light whose source was the same bulb." Tr. pp. 11-12. Officer Packard testified to his belief that "any white light emitting out of the rear of a vehicle while it [was] in forward was a violation of the statute." Tr. p. 9.

---

[1] As the State points out in its rehearing petition, Williams did not mention, much less develop a cogent argument based upon, Article I, section 11, of the Indiana Constitution. We therefore leave for another day the question of whether a reasonable mistake of law can support a traffic stop under the Indiana Constitution.

We conclude that Officer Packard's belief, while ultimately mistaken, was reasonable. Indiana Code section 9-19-6-4 provides, in part, that "a motor vehicle … that is registered in Indiana and manufactured or assembled after January 1, 1956, must be equipped with at least two (2) tail lamps mounted on the rear that, when lighted, … emit[] a red light plainly visible from a distance of five hundred (500) feet to the rear." While we stand by our original determination that the statute, when read closely, does not prohibit other colors of light from also being emitted, it certainly implies as much. A reasonable person unversed in statutory interpretation would very likely read section 4 to mean, "A car must have at least two tail lamps which emit only red light, or at least so much as to appear almost completely red."

This reading appears even more reasonable in cases such as this one, involving a broken tail lamp lens, which gives rise to the risk of dangerous confusion with a back-up lamp. Back-up lamps are not required in Indiana but, if present, "must be white or amber." Ind. Code § 9-19-6-8(c)(3). In practice, back-up lamps are nearly ubiquitous and, when present, are invariably white.[2] If one tail lamp is totally red and the other mostly white, one may well be unable to tell at a glance whether the vehicle in question is in forward or reverse gear, creating obvious safety issues. The danger presented by this situation was undoubtedly behind Officer Packard's testimony that he believed it to be an infraction for

---

[2] Federal regulations provide that any back-up lamp that is required must be white. *See* 49 C.F.R. § 571-108 (2011).

any white light to emit from the rear of a vehicle while that vehicle was in forward motion.  In conclusion, while we agree that Williams was committing no infraction at the time he was stopped by Officer Packard, Officer Packard had a reasonable belief that he was, thereby justifying the stop.  Consequently, the evidence seized as a result of the stop need not be suppressed.  We grant the State's petition for rehearing and, reversing our prior disposition, affirm the judgment of the trial court.

Najam, J., and Mathias, J., concur.