## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2019, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Jackson, Jr., <br> *Appellant-Defendant,* <br><br> *v.* <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 5, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-2127 <br><br> Appeal from the Marion Superior Court <br><br> The Hon. Amy Jones, Judge <br> The Hon. Amy Barbar, Magistrate <br><br> Trial Court Cause No. <br> 49G08-1711-CM-45015 |

**Bradford, Judge.**

# Case Summary

Shortly before midnight on November 20, 2017, Michael Jackson, Jr., was stopped at an intersection in Marion County. When the light turned green, Jackson "squealed" his tires and made a right turn into the left-most of the two eastbound lanes. A police officer stopped Jackson, observed signs of intoxication, and administered a breath test. The State charged Jackson with, *inter alia*, Class A misdemeanor operating a vehicle while intoxicated ("OWI"). In August of 2018, the trial court entered judgment of conviction against Jackson for Class A misdemeanor OWI and sentenced him to twelve days of incarceration and 353 days of probation. Jackson contends that his trial counsel was ineffective for failing to adequately challenge the constitutionality of the traffic stop which led to the collection of evidence of his intoxication. Because we disagree, we affirm.

# Facts and Procedural History

Shortly before midnight on November 20, 2017, Indiana State Police Trooper Cameron Bottema pulled Jackson over in Marion County after observing him "squeal[ing]" his tires and making a right turn into the left-most of two eastbound lanes rather than the right-most. Tr. Vol. II p. 6. When Trooper Bottema approached Jackson's vehicle, he detected the odor of alcoholic beverage on Jackson's breath and saw that his eyes were bloodshot and watery. Trooper Bottema administered, and Jackson failed, the horizontal-gaze-nystagmus, walk-and-turn, and one-legged-stand field-sobriety tests. A breath

test indicated that Jackson's blood alcohol concentration ("BAC") was 0.158 g/ml.

[3] On November 21, 2017, the State charged Jackson with Class A misdemeanor OWI, Class A misdemeanor operating a vehicle with a BAC of 0.15 g/ml or greater, Class C infraction unsafe start, and Class C infraction improper turn. On August 8, 2017, a bench trial was held. During trial, Jackson's trial counsel objected to Trooper Bottema's stop on the basis that there was no reasonable suspicion to support it. The trial court overruled the objection. After the State's evidence was presented, Jackson's trial counsel moved for dismissal on the basis that Trooper Bottema did not have probable cause to stop Jackson. The trial court denied Jackson's motion to dismiss, found him guilty as charged, entered judgment of conviction on the Class A misdemeanor OWI charge, and sentenced him to twelve days of incarceration and 353 days of probation.

# Discussion and Decision

[4] In this direct appeal, Jackson claims that he received ineffective assistance of trial counsel ("IAC"). We review claims of IAC based upon the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984):

> Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a claim of ineffective assistance of counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant so much that "there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." *Id*. at 687, 694, 104 S. Ct. 2052; *Lowery v. State*, 640 N.E.2d 1031, 1041 (Ind. 1994). […] Failure to satisfy either prong will cause the claim to fail. *Vermillion v. State*, 719 N.E.2d 1201, 1208 (Ind. 1999).

*French v. State*, 778 N.E.2d 816, 824 (Ind. 2002).

[5]   Jackson contends that his trial counsel was ineffective for failing to adequately raise and litigate the claim that Trooper Bottema improperly stopped him, which led to the collection of evidence supporting his OWI conviction. Jackson contends that his trial counsel should have argued more competently that the stop was improper pursuant to both the federal and Indiana constitutions.

# I.  Failure to Make Federal Claim

[6]   The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." […] Evidence obtained in violation of a defendant's Fourth Amendment rights may not be introduced against him at trial. [*Mapp v. Ohio*, 367 U.S. 643, 648–60 (1961)].

The Fourth Amendment prohibits "unreasonable searches and seizures" by the Government, and its safeguards extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 151 L. Ed.2d 740 (2002).

*W.H. v. State*, 928 N.E.2d 288, 294 (Ind. Ct. App. 2010), *trans. denied*.

[7]   That said, it is well-settled that

> [p]olice officers may stop a vehicle when they observe minor traffic violations. *Smith v. State*, 713 N.E.2d 338, 342 (Ind. Ct. App. 1999), *trans. denied*; *see also* Ind. Code § 34-28-5-3. A stop is lawful if there is an objectively justifiable reason for it, and the stop may be justified on less than probable cause.

*Jackson v. State*, 785 N.E.2d 615, 619 (Ind. Ct. App. 2003), *trans. denied*. "An officer's decision to stop a vehicle is valid so long as his or her on-the-spot evaluation reasonably suggests that lawbreaking occurred." *State v. Lynch*, 961 N.E.2d 534, 537 (Ind. Ct. App. 2012) (citing *Gunn v. State*, 956 N.E.2d 136, 139 (Ind. Ct. App. 2011)). "A determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct [and need only be based on] a particularized and objective basis[.]" *Arvizu*, 534 U.S. at 277.

[8] Trooper Bottema stopped Jackson at approximately midnight for squealing his tires and making a right turn into the inappropriate lane, *i.e.*, the lane not closest to the right curb. We conclude that Trooper Bottema was justified in stopping Jackson for making an illegal turn, at the very least. Indiana Code section 9-21-8-21(a)(1) provides that "[a] person who drives a vehicle intending to turn at an intersection must [m]ake both the approach for a right turn and a right turn as close as practical to the righthand curb or edge of the roadway." Jackson argues, essentially, that because Indiana does not absolutely require a driver to make a right turn into the right-most lane, the State was required to present evidence that Trooper Bottema knew that there was nothing making it impractical for Jackson to turn into the right-most lane before he could legally stop him. Jackson points to no authority for this proposition, and we are aware

of none.  Moreover, in light of the authority that we *do* have regarding traffic stops, we decline the invitation to create such a precedent.

[9]	As mentioned, an officer's decision to stop a vehicle is valid if his on-the-spot evaluation reasonably suggests that lawbreaking occurred.  *See Lynch*, 961 N.E.2d. 537.  Here, Jackson failed to turn into the right-most lane, which we conclude is sufficient to reasonably suggest that he violated Indiana Code section 9-21-8-21(a)(1).  There is no evidence in the record of anything that might have made a turn into the right-hand lane impractical, much less anything known to Trooper Bottema before he stopped Jackson.  Indeed, if it had become apparent later that it had, in fact, *not* been practical for Jackson to have turned into the right-most lane, even this after-the-fact knowledge would not have affected the validity of the stop.  In *Heien v. N. Carolina,*——U.S.——, 135 S. Ct. 530, 536 (2014), the United State Supreme Court "held that reasonable mistakes of law, *as well as fact*, can give rise to reasonable suspicion under the Fourth Amendment."  *Williams v. State*, 28 N.E.3d 293, 293 (Ind. Ct. App. 2015) (emphasis added), *opinion on reh'g*.  Jackson has failed to establish that making a Fourth Amendment claim would have helped him.[1]

---

[1]  Because we conclude that Trooper Bottema properly stopped Jackson on suspicion of making an illegal turn, we need not separately address Jackson's claim that he was improperly stopped for making an unsafe start.  We would note, however, that while a panel of this court has concluded that squealing tires, by itself, will not justify a traffic stop, that authority would not help Jackson.  In *Dora v. State*, 736 N.E.2d 1254 (Ind. Ct. App. 2000), *trans. denied*, we reversed an infraction for unsafe start where the only evidence presented was that the defendant's car tires were spinning, squealing, and smoking.  *Id*. at 1256–57.  *Dora* is easily distinguished, however, because Trooper Bottema witnessed not only the squealing of tires but also a right turn into the left-most lane at approximately midnight.

# II. Failure to Make State Claim

Similar to the Fourth Amendment, Article I, section 11 of the Indiana Constitution provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure." "Although the language of Article I, Section 11 is identical to the language of the Fourth Amendment of the United States Constitution, [the reviewing court] conduct[s] a separate inquiry." *Haynes v. State*, 937 N.E.2d 1248, 1251 (Ind. Ct. App. 2010). "Under the Indiana Constitution, [this Court] consider[s] the circumstances presented in each case to determine whether the police behavior was reasonable." *Id.* "A police stop and brief detention of a motorist is reasonable and permitted under Section 11 if the officer reasonably suspects that the motorist is engaged in, or about to engage in, illegal activity." *Id.* The reasonableness of a search or seizure is determined by balancing the degree of concern, suspicion, or knowledge that a violation has occurred, the degree of intrusion, and the extent of law enforcement needs. *State v. Washington*, 898 N.E.2d 1200, 1206 (Ind. 2008).

The degree of concern, suspicion, or knowledge that a violation had occurred was high in this case. Jackson squealed his tires and turned into the wrong lane at approximately midnight, behavior that supports a reasonable belief that at least one infraction had been committed. Moreover, the degree of the intrusion to investigate the infraction, which (at least at first) was a simple traffic stop, was minimal. The fact that the stop evolved into an investigation for OWI based upon Trooper Bottema's observations of Jackson does not render the

initial stop unreasonable. Finally, the extent of law enforcement needs, while not overwhelming, was more than sufficient to support a traffic stop. Trooper Bottema observed a motorist squealing his tires and turning into the wrong lane, and infractions do not cease to be infractions even if, as appears to be the case here, there are no other vehicles or pedestrians in the area. We conclude that the need to stop Jackson to address and investigate his driving was reasonable under the totality of the circumstances. Because Jackson has failed to establish that the traffic stop violated his federal or state constitutional rights, his trial counsel's alleged failure to raise the issue did not prejudice him. Jackson has failed to establish that he received IAC.

[12] The judgment of the trial court is affirmed.

Bailey, J, and Brown, J., concur.