**STATE of Indiana, Appellant–Plaintiff,**

v.

**Shawn M. RANS, Appellee–Defendant.**

**No. 71A03–0002–CR–71.**

Court of Appeals of Indiana.

Nov. 28, 2000.

Transfer Denied Feb. 2, 2001.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

The State challenges the trial court's acquittal of Shawn M. Rans for Operating

a Vehicle While Intoxicated ("OWI") with a Previous Conviction of OWI within the Last Five Years, a Class D felony. The State presents a single issue for our review, namely, whether Rans' previous conviction in Michigan of Operating a Vehicle While Visibly Impaired ("DWVI"), a misdemeanor, constitutes a "previous conviction of operating while intoxicated" under Indiana Code Section 9–30–5–3.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On or about February 9, 1996, Rans was convicted in Michigan of DWVI, a misdemeanor. *See* MICH.COMP.LAWS §§ 257.625(3) and (9). On March 21, 1999, Rans was arrested for OWI in St. Joseph County. The State charged Rans with OWI, a Class A misdemeanor, and OWI with a previous conviction of OWI within the last five years, a Class D felony. *See* IND.CODE §§ 9–30–5–2 and 3. Rans pled guilty to the A misdemeanor OWI, and the trial court entered judgment of acquittal on the D felony OWI, concluding that Rans' Michigan DWVI conviction did not constitute a previous conviction for OWI as required by Indiana Code Section 9–30–5–3. The State filed an unsuccessful motion to correct error. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

 This case involves a question of statutory interpretation. The interpretation of a statute is a question of law reserved for the courts. *Wayne Metal Prods. Co., Inc. v. Indiana Dep't of Envtl. Mgmt.*, 721 N.E.2d 316, 317 (Ind. Ct.App.1999), *trans. denied.* Appellate courts review questions of law under a de novo standard and owe no deference to a

trial court's legal conclusions. *Id.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Montgomery v. Estate of Montgomery*, 677 N.E.2d 571, 574 (Ind.Ct. App.1997). However, when the language is susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. *Id.* The task of appellate courts with respect to statutory interpretation has been summarized as follows:

> We ascertain and implement legislative intent by "giving effect to the ordinary and plain meaning of the language used in the statute." The statute is examined and interpreted as a whole and the language itself is scrutinized, including the grammatical structure of the clause or sentence at issue. Within this analysis, we give words their common and ordinary meaning, without "overemphasizing a strict literal or selective reading of individual words."

*Clifft v. Indiana Dep't of State Revenue*, 660 N.E.2d 310, 316 (Ind.1995) (citations omitted). Finally, penal statutes are to be strictly construed against the State to avoid enlarging them by intendment or implication beyond the fair meaning of the language used. *State v. Shelton*, 692 N.E.2d 947, 949 (Ind.Ct.App.1998).[1]

### Previous Conviction of Operating a Vehicle While Intoxicated

 The State argues that the trial court erred when it acquitted Rans of D felony OWI. Specifically, it contends that the trial court improperly concluded that Rans' Michigan DWVI conviction did not constitute a "previous conviction of operating while intoxicated" under Indiana Code Section 9–30–5–3.

Indiana Code Section 9–30–5–3 reads:

---

1. We also note that Rans has chosen not to file an appellee's brief in this case. Where the appellee fails to file a brief on appeal, it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Hub-*

*bard v. Hubbard*, 690 N.E.2d 1219, 1220 (Ind. Ct.App.1998). This rule was established for our protection so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where such burden properly rests with the appellee. *Id.*

A person who violates section 1 or 2 of this chapter commits a Class D felony if:

(1) the person has a previous conviction of operating while intoxicated; and

(2) the previous conviction of operating while intoxicated occurred within the last five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter.

A "previous conviction of operating while intoxicated" includes a previous conviction "in any other jurisdiction in which the elements of the crime for which the conviction was entered are *substantially similar* to the elements of a crime described in IC 9–30–5–1 through IC 9–30–5–9." IND.CODE § 9–13–2–130(2) (emphasis added). Here, Rans pled guilty to OWI, a Class A misdemeanor under Indiana Code Section 9–30–5–2. It is also undisputed that Rans had been previously convicted of DWVI under Michigan Compiled Laws Section 257.625(3). The dispositive issue, therefore, is whether Michigan Compiled Laws Section 257.625(3) is "substantially similar" to Indiana Code Section 9–30–5–2.[2] We conclude that the two statutes are not substantially similar and, hence, that Rans' Michigan DWVI conviction did not constitute a "previous conviction of operating while intoxicated" under Indiana Code Section 9–30–5–3.

The Michigan legislature has established essentially three basic alcohol-related driving offenses: operating a vehicle with an alcohol content of 0.10 grams or more per 100 milliliters of blood, operating a vehicle while under the influence of intoxicating liquor ("OUIL"), and DWVI. *See* MICH. COMP.LAWS § 257.625(1)(a), (1)(b), and (3). Michigan's DWVI statute provides:

A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles within this state when, due to the consumption of an intoxicating liquor, ... the person's ability to operate the vehicle is visibly impaired.

MICH.COMP.LAWS § 257.625(3). According to the Michigan Supreme Court, visible impairment is demonstrated when:

the defendant's ability to drive was so weakened or reduced by consumption of intoxicating liquor that defendant drove with less ability than would an ordinary, careful and prudent driver. Such weakening or reduction of ability to drive must be visible to an ordinary, observant person.

*People v. Lambert*, 395 Mich. 296, 235 N.W.2d 338, 342 (1975).

■ The DWVI statute addresses the problem of the driver whose ability has been impaired or reduced, but not eliminated. *People v. Walters*, 160 Mich.App. 396, 407 N.W.2d 662, 664 (1987). "[T]he use of the word 'impaired,' rather than the use of a word such as 'eliminated,' suggests that some ability to drive in a normal manner will remain." *Id.* The offense of DWVI is thus a lesser included offense of OUIL, because "the degree of intoxication which the people must prove" is lower. *Lambert*, 235 N.W.2d at 342; *cf. Oxendine v. Secretary of State*, 237 Mich.App. 346, 602 N.W.2d 847, 851 (1999) (observing that test for OUIL is whether "the person is substantially deprived of [his/her] normal control or clarity of mind at the time [he/she] is operating the motor vehicle.").

■ In contrast, the Indiana legislature has defined only two basic alcohol-related driving offenses: operating a vehi-

---

**2.** The other statutes denominated in Indiana Code Section 9–13–2–130(2) govern operation of a vehicle with a blood alcohol content of 0.10 or more; OWI with a previous conviction; OWI causing serious bodily injury or death; violation of a probationary license; ignition interlock device offenses; and the operation of a vehicle in a place other than a public highway, which is not a defense to driving while intoxicated. *See* IND.CODE §§ 9–30–5–1 through 9. Thus, there is no need to compare these unrelated statutory provisions with Michigan Compiled Law Section 257.625(3), and we limit our discussion to a comparison of Indiana Code Section 9–30–5–2.

cle with an alcohol content in excess of 0.10 grams per 100 milliliters of blood,[3] and OWI. *See* IND.CODE §§ 9–30–5–1 and 2. A person is intoxicated for purposes of the Indiana OWI statute if he or she is "under the influence of ... alcohol ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person." IND.CODE § 9–13–2–86. The endangerment element of OWI indicates the level of impairment and extent of lost faculties that must be shown to establish intoxication and obtain a conviction. *State v. Krohn*, 521 N.E.2d 374, 377 (Ind.Ct.App.1988). Endangerment is proved by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant himself. *Blinn v. State*, 677 N.E.2d 51, 54 (Ind.Ct.App.1997). Thus, proof that the defendant's condition rendered operation of the vehicle unsafe is sufficient to establish the endangerment element of the offense. *Id.*

In keeping with the foregoing principles, we cannot say that Michigan's DWVI statute is substantially similar to Indiana's OWI statute. Our statutory scheme for alcohol-related driving offenses does not encompass the "more broadly defined crime of [DWVI]." *See Oxendine*, 602 N.W.2d at 852 (concluding that DWVI is a more broadly defined crime than OUIL). Michigan Compiled Laws Section 257.625(3) requires proof that the defendant merely operated a vehicle "with less ability than would an ordinary, careful and prudent driver[,]" i.e., that there was simply a reduction in the ability to drive normally. *Lambert*, 235 N.W.2d at 342; *Walters*, 407 N.W.2d at 665. Contrary to this lower threshold of intoxication, Indiana Code Section 9–30–5–2 requires evidence that the defendant lost the ability to drive normally to such an extent that it was unsafe or endangered any person. *Blinn*, 677 N.E.2d at 54. The definition of OWI under Indiana Code Section 9–30–5–2 cannot reasonably be interpreted to include any visible alcohol-related impairment without regard to whether that impairment exposes others to harm or danger.

We find additional authority for our conclusion in *Olmstead v. Commonwealth*, 677 A.2d 1285 (Pa.Commw.1996), *aff'd on other grounds*, 550 Pa. 578, 707 A.2d 1144 (Pa. 1998). There, the defendant had been convicted in New York of "driving while ability impaired," which is committed by voluntarily consuming alcohol such that the defendant has actually impaired, to any extent, "the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver." *Olmstead*, 677 A.2d at 1287. The court in *Olmstead* held that the New York offense was not substantially similar to the Pennsylvania offense of "driving under the influence," which required proof either of a blood alcohol level of 0.10 or greater or that the driver of the motor vehicle "was influenced by alcohol to a degree that he or she could not drive safely." *Id.* The *Olmstead* court concluded that the New York driving while impaired statute encompassed an even broader range of prohibited conduct and punished much less egregious actions behind the wheel than did the Pennsylvania driving while under the influence statute. *Id.* In deciding the issue presented in this case, we note that the Michigan Court of Appeals has approved the distinctions recognized in *Olmstead* in interpreting its own alcohol-related driving statutes. *See Oxendine*, 602 N.W.2d at 853

---

**3.** At the time Rans committed the offense of OWI, Indiana Code Section 9–30–5–1 required a blood alcohol content of "at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood." The statute has since been amended to require an alcohol concentration "equivalent to at least ten-hundredths (0.10) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per ... one hundred (100) milliliters of the person's blood[.]" *See* P.L. 266–1999 and P.L. 1–2000. These amendments are not pertinent to our discussion.

Indiana's OWI statute is strikingly similar to Pennsylvania's driving under the influence statute, in that both provisions require intoxication to a degree that the driver cannot drive safely. *See Blinn,* 677 N.E.2d at 54 (proof that defendant's condition rendered operation of vehicle unsafe is sufficient to prove endangerment element of OWI); *Olmstead,* 677 A.2d at 1287 (driver of motor vehicle was influenced by alcohol to degree that he or she could not drive safely). Likewise, Michigan's DWVI statute is strikingly similar to New York's driving while ability impaired statute. *See Lambert,* 235 N.W.2d at 342 (requiring defendant's ability to drive be so weakened or reduced by consumption of intoxicating liquor that defendant drove with less ability than would ordinary, careful and prudent driver); *Olmstead,* 677 A.2d at 1287 (requiring driver's physical and mental abilities which he is expected to possess in order to operate vehicle as a reasonable and prudent driver be impaired). Here, as in *Olmstead,* the two alcohol-related driving offenses at issue have markedly different thresholds for establishing a violation. *See Oxendine,* 602 N.W.2d at 853.

Accordingly, we conclude that Michigan Compiled Laws Section 257.625(3) is not substantially similar to Indiana Code Section 9–30–5–2. It follows that Rans' conviction for DWVI under Michigan Compiled Laws Section 257.625(3) did not constitute a "prior conviction of operating while intoxicated" under Indiana Code Section 9–30–5–3. To hold otherwise would extend the application of Indiana Code Section 9–30–5–3 to encompass convictions for conduct requiring a lower degree of intoxication than do our existing alcohol-related driving statutes and would be contrary to the well-settled precept that penal statutes be strictly construed against the State to avoid enlarging them beyond the fair meaning of their language. *See Shelton,* 692 N.E.2d at 949. Absent a previous conviction of OWI within the last five years, Rans cannot be convicted of OWI as a Class D felony.

Thus, the trial court did not err when it acquitted Rans on that charge.

Affirmed.

BROOK, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring

My reading of the Michigan statutes convinces me that the court in *People v. Walters* (1987) Mich.Ct.App., 160 Mich. App. 396, 407 N.W.2d 662, drew an erroneous distinction between them. The *Walters* opinion, as noted by the majority here, states that the DWVI statute "addresses the problem of the driver whose ability has been impaired, not eliminated." *Id.* at 664. This clearly implies that the OUIL statute applies when the driver's ability has been destroyed or "eliminated." Such implication is given greater strength by the holding in *People v. Lambert* (1975) Mich., 395 Mich. 296, 235 N.W.2d 338, that the DWVI offense is a lesser included offense of OUIL and that the distinction lies in the "degree of intoxication which the people must prove." 235 N.W.2d at 342. However, *Lambert* does not support the proposition that in order to convict of OUIL the State must establish that the driver's ability to drive had been eliminated or destroyed. The OUIL statute speaks in terms of the driver's ability as "substantially and materially affected," i.e., impaired. *People v. Walters, supra* at 664 (quoting *People v. Lambert, supra* at 342).

When read together, the *Lambert* and *Walters* cases convey the message that both Michigan offenses involve *impaired* driving ability and that the difference lies in the degree of intoxication as it affects the driver's ability. In this sense then, one who is driving in a normal manner may be validly convicted of DWVI but may not be convicted of OUIL.

The majority opinion here correctly observes that in Indiana we have only one alcohol impaired driving statute as op-

posed to the two Michigan statutes. To this extent, therefore, I am able to agree that Michigan's DWVI statute is not clearly substantially similar to our OWI statute. However, I also believe it to be accurate to say that our statute does not correspond to Michigan's OUIL statute either. There are material differences between the two.

All three statutes are "impairment" statutes, but the Indiana law requires that the loss of "normal control" be such that the vehicle operation endangers a person. According to the *Lambert* court, the Michigan DWVI statute merely requires the State to prove that, due to consumption of intoxicating liquor, the defendant was driving "with less ability than would an ordinary, careful and prudent driver," *People v. Lambert, supra*, 235 N.W.2d at 342, and the OUIL provision prohibits driving when the ability is substantially and materially affected. Endangerment is not explicitly set forth as an element of the offense, although one might reasonably conclude that one whose driving ability is substantially and materially impaired necessarily constitutes a danger to himself and to others.

Be that as it may, I find the decision in *Olmstead v. Commonwealth of Pennsylvania, Dept of Transportation* (1996) Pa. Commw., 677 A.2d 1285, as cited by the majority here, to be persuasive.

For this reason I join my colleagues in affirming the judgment of the trial court in the case before us.