**CASH IN A FLASH, INC./HOBART,**
Appellant,

v.

**Glen HOFFMAN, Appellee.**

No. 45A03–0507–CV–329.

Court of Appeals of Indiana.

Feb. 6, 2006.

Edward R. Hall, Merrillville, for Appellant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Cash in a Flash (CIF), appeals the trial court's judgment finding that Ind.Code § 24–4.5–7–409(2) requires plaintiffs to prove common law fraud in order to seek treble damages and attorney's fees under I.C. §§ 26–2–7 and 34–24–3.

We affirm.

### ISSUE

CIF raises three issues on appeal, one of which we find dispositive and restate as: Whether the trial court erred in finding that Ind.Code § 24–4.5–7–409(2) requires a plaintiff to prove common law fraud in order to seek treble damages and attorney's fees under I.C. §§ 26–2–7 and 34–24–3.

### FACTS AND PROCEDURAL HISTORY

CIF is an Indiana corporation licensed to make "small loans" as promulgated under I.C. § 24–4.5–7–101 et seq.[1] On June 21, 2003, Hoffman entered the CIF store, located in Hobart, Indiana, and executed a "Consumer Loan Agreement" with CIF in order to obtain a two-week loan of $150.00.

(Appellant's App. p. 5). Under the terms of the agreement, CIF was to loan Hoffman $150.00, and in return, Hoffman was to pay the amount of the loan, plus a $20.00 finance charge to CIF, by July 5, 2003. As security for the loan, Hoffman presented CIF with a personal check in the amount of $170.00. The check was post-dated for July 5, 2003. On July 5, 2003, CIF attempted to cash Hoffman's check, however, the check was returned as being written on a closed account.

On March 21, 2005, CIF filed its Complaint seeking damages on Count I, fraud on a financial institution, I.C. § 35–43–5–8[2]; Count II, penalties for stopping payments or permitting dishonor of checks and drafts, I.C. § 26–2–7 et seq.; and Count III, breach of contract. On April 18, 2005, during the bench trial, CIF withdrew Count II of its complaint, but continued to seek $1,100.00 in damages, which included treble damages and attorney's fees pursuant to I.C. § 34–24–3–1, under Count I.[3] On the same day, the trial court entered a default judgment in favor of CIF and against Hoffman "[i]n the amount of $1,054.96 plus court costs and post judgment interest." (Appellant's App. p. 16). In addition, the trial court found, in general, the following:

> Should [a] [p]laintiff choose to pursue exemplary damages and attorney fees,

1. A "small loan" means a loan:
   (a) with a principal loan amount that is at least fifty dollars ($50) and not more than five hundred dollars ($500); and
   (b) in which the lender holds the borrower's check or receives the borrower's written authorization to debit the borrower's account under an agreement, either express or implied, for a specific period of time before the lender:
      (i) offers the check for deposit or presentment; or
      (ii) exercises the authorization to debit the borrower's account.

Further, I.C. § 24–4.5–7–401 provides that "[a] small loan may not be made for a term less than fourteen days."

2. Within Count I, CIF seeks treble damages and attorney's fees pursuant to I.C. § 34–24–3–1.

3. The record is unclear as to whether CIF withdrew Count III of its complaint. Nevertheless, CIF did not argue the merits of Count III during trial, nor did the trial court address Count III in its Judgment.

[the] [p]laintiff must make clear which scheme it has elected to pursue. That is, [I.C.] § 26–2–7–7 indicates that [a] [p]laintiff cannot proceed under both Title 26 and Title 34:

Then, under Title 26 or Title 34, [a] [p]laintiff's affidavit must establish the following:

1. That [the borrower] committed common law fraud. [ ]; see also I.C. § 24–4.5–7–409(2).

. . .

(Appellant's App. p. 14). On May 17, 2005, CIF filed a Motion to Correct Error claiming that the trial court misinterpreted I.C. § 24–4.5–409(2). The trial court denied the Motion on May 23, 2005. CIF now appeals.

## DISCUSSION AND DECISION

CIF contends that the trial court erred in finding that a plaintiff must prove common law fraud in order to seek treble damages and attorney's fees under I.C. § 24–4.5–7–409(2). When the trial court enters findings of fact and conclusions thereon, we apply the following two-tiered standard of review: whether the evidence supports the findings and whether the findings support the judgment. *Clark v. Crowe*, 778 N.E.2d 835, 839 (Ind.Ct.App. 2002). The trial court's findings and conclusions will be set aside only if they are clearly erroneous, that is, if the record contains no facts or inferences supporting them. *Id.* at 839–40. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* at 840. We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. *Id.*

In this case, the trial court's judgment turns on the interpretation of I.C. §§ 24–4.5–7–409(2). The interpreta-

tion of a statute is a question of law reserved for the courts. *State v. Rans*, 739 N.E.2d 164, 166 (Ind.Ct.App.2000), *trans. denied.* Appellate courts review questions of law under a *de novo* standard and owe no deference to a trial court's legal conclusions. *Id.* If the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *Montgomery v. Estate of Montgomery*, 677 N.E.2d 571, 574 (Ind.Ct.App.1997). However, when the language is susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. *Id.* In this respect, the task of appellate courts has been summarized as follows:

> We ascertain and implement legislative intent by "giving effect to the ordinary and plain meaning of the language used in the statute." The statute is examined and interpreted as a whole and the language itself is scrutinized, including the grammatical structure of the clause or sentence at issue. Within this analysis, we give words their common and ordinary meaning, without "overemphasizing a strict literal or selective reading of individual words."

*Clifft v. Ind. Dep't of State Revenue*, 660 N.E.2d 310, 316 (Ind.1995) (internal citations omitted), *remanded and affirmed on other grounds by Clifft v. Ind. Dep't of State Revenue*, 748 N.E.2d 449 (Ind.Tax 2001).

In 2002, our legislature enacted the Small Loan Act (SLA) to legalize and regulate the small loan lending industry. *See* I.C. § 24–4.5–7 *et seq.* Of particular importance to this case is section 409(2) because, among other things, it specifies what remedies are available against a small loan borrower. Specifically, section 409(2) (emphases added) states:

The following apply to small loans *only* when a check or an authorization to debit a borrower's account is used to *defraud* another person:

(a) IC 26–1–3.1–502.5 (surcharge after dishonor).

(b) IC 26–2–7 (penalties for stopping payments or permitting dishonor of checks and drafts).

(c) IC 34–4–30 (before its repeal)

(d) IC 34–24–3 (treble damages allowed in certain civil actions by crime victims).

(e) IC 35–43–5 (forgery, fraud, and other deceptions).

(f) IC 24–4.5–3–404 (attorney's fees) does not apply to a small loan.

Here, the trial court found that I.C. § 24–4.5–7–409(2) requires a plaintiff to prove common law fraud in order to seek treble damages and attorney's fees as provided for in I.C. §§ 26–2–7 and 34–24–3. In applying section 409(2), the trial court awarded CIF treble damages and attorney's fees, pursuant to I.C. § 34–24–3–1, because Hoffman committed fraud upon CIF by issuing a check on a closed bank account in violation of I.C. § 35–43–5–8. CIF does not challenge its monetary award, but argues that the trial court erred in finding that I.C. § 24–4.5–7–409(2) requires plaintiffs to prove common law fraud in order to seek treble damages and attorney's fees. We disagree.

I.C. § 24–4.5–7–409(2) clearly states that I.C. §§ 26–2–7 and 34–24–3 apply only when a check or an authorization to debit a borrower's account is used to defraud another person. Although our legislature did not include the elements necessary to prove fraud, a definition, or a reference to the fraud statute, we can look to common law for guidance. To successfully sustain an action for common law fraud, a party must prove five essential elements: (1) a material misrepresentation, (2) of past or existing facts, (3) the falsity of the representation, (4) the representation was made with knowledge or reckless ignorance of its falsity, (5) and detrimental reliance on the representation. *AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 51 (Ind.Ct. App.2004). Accordingly, we hold that I.C. § 24–4.5–7–409(2) requires a plaintiff to prove common law fraud in order to seek the damages and penalties available under I.C. §§ 26–2–7 and 34–24–3.[4]

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in finding that I.C. § 24–4.5–7–409(2) requires a plaintiff to prove common law fraud in order to seek treble damages and attorney's fees under I.C. §§ 26–2–7 and 34–24–3.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

---

4. We must note that it would seem redundant to require a plaintiff to prove common law fraud in order to seek treble damages and attorney's fees pursuant to I.C. § 34–24–3–1 if they have sustained the burden of proving fraud on a financial institution under I.C. § 35–43–5–8. Thus, as in this case, if a plaintiff proves fraud on a financial institution under I.C. § 35–43–5–8, the trial court has discretion to award treble damages and attorney's fees pursuant to I.C. § 34–24–3–1 without requiring the plaintiff to prove the elements of common law fraud.