### INTERNATIONAL UNION OF POLICE ASSOCIATIONS, LOCAL NO. 133, Appellant–Plaintiff,

#### v.

### George RALSTON, et al., Appellees–Defendants.

#### No. 84A01–0608–CV–327.

Court of Appeals of Indiana.

Aug. 31, 2007.

Eric A. Frey, Anderson Frey & Nichols, Terre Haute, IN, Attorney for Appellant.

John Christopher Wall, Wilkinson Goeller Modesitt, Wilkinson & Drummy, Terre Haute, IN, Attorney for Appellee.

1. Ind.Code § 36–8–3.5–1(b), which governs the "retention of existing systems" and "establishment of new systems," provides, in part:

## OPINION

. SHARPNACK, Judge.

The International Union of Police Associations, Local No. 133 (the "Union") appeals the trial court's grant of summary judgment to George Ralston, as the Chief of Police, Kevin D. Burke, as mayor of Terre Haute; the Terre Haute Police Merit Commission, and George Hines, Valarie Bailey, and Mike Baker, as members of the Terre Haute Police Merit Commission (collectively "Terre Haute"). The Union raises one issue, which we revise and restate as whether the trial court erred by granting Terre Haute's motion for summary judgment. We affirm.

The relevant facts follow. In September 1972, the City of Terre Haute Common Council established a Police Merit Commission pursuant to Ind.Code § 19–1–29.5–1 (repealed by Pub.L. No. 316–1981, § 3 (eff.Jan.1, 1984)). In 1972, the Chief of Police and the Police Merit Commission established policies, procedures and rules in a "Manual of Rules." Appellant's Appendix at 66. In 1981, the Legislature passed Pub.L. No. 316–1981, § 3, which repealed Ind.Code § 19–1–29.5–1 through Ind.Code § 19–1–29.5–29, effective January 1, 1984, and enacted Ind.Code § 36–8–3.5–1, which allowed a city to retain an existing merit system.[1] In 1982, the Terre Haute Common Council elected to retain its existing merit plan for the Terre Haute Police Department. Specifically, General Ordinance No. 10, 1982, adopted and incorporated the repealed Ind.Code § 19–1–29.5–1 through Ind.Code § 19–1–29.5–29 as the "Merit Plan for the Terre Haute Police Department." *Id.* at 42.

If a city had a merit system for its police or fire department under the former ... IC 19–1–29.5 ..., it may retain that system by ordinance of the city legislative body passed before January 1, 1983.

The Commission revised the Manual of Rules in 1984, 1988, and 2000. The Manual states, in part, that "[s]tatutory qualifications of applicants and eligibility requirements for appointments to the Department are set out in I.C. 36–8–3.2–1, et seq., I.C. 36–8–3.5–1 et seq., and I.C. 36–8–4–1 et seq. as amended. The rules contained in this chapter are supplemental to the statutory requirements." *Id.* at 96.

Kevin D. Burke, the mayor of Terre Haute, appointed Ralston as chief of police, and Ralston was sworn in and took office on January 1, 2004. At the time of his appointment, Ralston was not an active member of the Police Department and was employed in a position in the private sector.

On December 19, 2005, the Union filed a complaint against Ralston as the Chief of Police, Kevin D. Burke, as mayor of Terre Haute, the Terre Haute Police Merit Commission, and George Hines, Valarie Bailey and Mike Baker, as members of the Terre Haute Police Merit Commission. The Union argued that at the time of his appointment as Chief of Police, Ralston had retired from the Department and was employed in a position in the private sector. The Union argued that "Ralston had retired as an member [sic] of the Police Department more than five (5) years before January 1, 2004 and was not eligible under Title 19 to be appointed Chief of Police by Burke because he had no position to which he could return upon the expiration or termination of his appointment." *Id.* at 11.

The Union filed a motion for summary judgment, and Terre Haute filed a cross-motion for summary judgment. The trial court entered the following order:

> The Court having taken ruling under advisement Plaintiff's Motion for Summary Judgment and Defendants' Cross-

Motion for Summary Judgment, now finds as follows:

1. That George Ralston (hereinafter "Ralston") was appointed Chief of Police by City of Terre Haute Mayor Kevin D. Burke (hereinafter "Burke") January 1, 2004.

2. At the time of appointment Ralston had retired from the Department after more than twenty (20) years of service and was employed in the private sector.

3. Plaintiff, International Union of Police Associations, Local No. 133 ("IUPA" herein) initiated this action maintaining that Ralston was not eligible to be appointed Chief of Police.

4. At the time of appointment Ralston was a citizen of the United States, a high school graduate, at least twenty-one (21) years of age, free of mental illness, physically fit, had completed the minimum basic training requirements established by the Law Enforcement Training Board under Ind.Code 5–2–1, having graduated from the Law Enforcement Academy, and was a fully vested member of the 1925 Police Pension Fund.

5. The City of Terre Haute has a Police Merit Commission established by Ind.Code 19–1–29.5–1 adopted by the Common Council September 1972.

6. In 1981 the legislature enacted Ind. Code 36–8–3.5–1, which permitted, in part, municipalities to retain the merit commission in effect at such time and requiring that such ordinance retaining the commission must incorporate all provisions of the prior statute.

7. Terre Haute opted to retain its merit system and Commission then in place by council action dated December 9, 1982.

8. In 1988 the Indiana Legislature amended Ind.Code 36–8–3.5–1 to provide in part:

(D) If a City had a merit system for its police department under the former ... I.C. 19–1–29.5 it may retain its ordinance the City legislative body passed before January 1, 1983. The ordinance must initially incorporate all the provisions of the former statute, but may be amended by the legislative body after December 1, 1984.

9. That the City Council revised the plan in October 1984 and January 2000.

10. Under the current plan, Article 11, Chapter 9, Section 2 provides:

Statutory qualifications of applicants and eligibility requirement for appointments to the Department are set out in I.C. 36–8–3.2–1, et seq., I.C. 36–8–3.5–1, et seq. and I.C. 36–8–4–1, et seq. as amended. The rules contained in this chapter are supplemental to the statutory requirements.

11. Indiana Code 36–8–4–6.5 governs the appointment of police chiefs and has been incorporated by the Terre Haute Police Merit Commission. It provides:

(a) This section applies to the appointment of a police chief or deputy police chief in all cities.

(b) An applicant must meet the following requirements:

(1) Have five (5) years of service as a police officer with a full-time, paid police department or agency.

(2) Be a citizen of the United States.

(3) Be a high school graduate or equivalent.

(4) Be at least twenty-one (21) years of age.

(5) Be free of mental illness.

(6) Be physically fit.

(7) Have successfully completed the minimum basic training requirements established by the law enforcement training board under I.C. 5–2–1, or have continuous service with the same department to which the applicant was appointed as a law enforcement officer before July 6, 1972.

(c) In addition to the requirements of subsection (b), an applicant for appointment as a police chief or deputy police chief must have at least five (5) years of continuous service with the police department of that city immediately before the appointment. This requirement may be waived by the city executive.

12. George Ralston has satisfied all the criteria for the position and Burke's appointment of Ralston (who had not had five years of continuous service by the department immediately before the appointment) implicitly waived such requirement.

Therefore, the Court DENIES Plaintiff International Union of Police Association, Local No. 133's Motion for Summary Judgment and finds that there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law and GRANTS Defendants, George Ralston, as Chief of Police of the City of Terre Haute, Indiana, Kevin D. Burke, as Mayor of the City of Terre Haute, Indiana, The Terre Haute Police Merit Commission and George Hines, Valarie Bailey and Mike Baker, as Members of the Terre Haute Police

Merit Commission's Cross–Motion for Summary Judgment.

*Id.* at 6–8.

The sole issue is whether the trial court erred by granting Terre Haute's motion for summary judgment. Our standard of review for a trial court's grant of a motion for summary judgment is well settled. Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind.2001). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Mangold,* 756 N.E.2d at 973. Our review of a summary judgment motion is limited to those materials designated to the trial court. *Id.* We must carefully review a decision on summary judgment to ensure that a party was not improperly denied its day in court. *Id.* at 974. Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. *Rice v. Strunk,* 670 N.E.2d 1280, 1283 (Ind.1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. *Id.* They merely aid our review by providing us with a statement of reasons for the trial court's actions. *Id.*

The Union argues that Ind.Code § 19–1–29.5–13 governs the qualifications to appoint the chief of police because the Police Merit Commission could not amend the merit plan. Terre Haute argues that Ind. Code § 19–1–29.5–13 does not require that the mayor appoint a member of the police department to chief of police, and that the Police Merit Commission could amend the

Manual of Rules. Even assuming, without deciding, that the Police Merit Commission could not amend the merit plan, we cannot say that Ind.Code § 19–1–29.5–13 prevents Ralston's appointment.

In the Union's complaint, the Union argued that "[u]nder Title 19 of the Indiana Code, the Chief of Police must be a member of the Police Department due to the fact that upon termination of his appointment the Chief of Police is required to return to his rank and position prior to his appointment as Chief." Appellant's Appendix at 11. On appeal, the Union argues, without specific citation to authority, that "it was the clear intention of the Indiana General Assembly to require the police chief in a second class city which retained its merit system to be a member of the department and that Ralston (and any other person who is not a member at the time of their appointment) is ineligible to serve in the capacity...." Appellant's Brief at 8. The Union also argues that "[t]he only provisions which govern the qualifications are those included in the statutory framework by the General Assembly under 19–1–29.5 *et seq.*" *Id.* at 7.

Because we will be analyzing Ind.Code § 19–1–29.5–13, a brief review of our rules of statutory construction is required. The cardinal rule of statutory construction is to ascertain the intent of the legislature by giving effect to the ordinary and plain meaning of the language used. *T.W. Thom Const., Inc. v. City of Jeffersonville,* 721 N.E.2d 319, 324 (Ind.Ct.App.1999). Accordingly, if the language of a statute is clear and unambiguous, it is not subject to judicial interpretation. *State v. Rans,* 739 N.E.2d 164, 166 (Ind.Ct.App.2000), *trans. denied.* However, when the language is reasonably susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. *Id.* Statutory provisions cannot be

read standing alone; instead, they must be construed in light of the entire act of which they are a part. *Deaton v. City of Greenwood*, 582 N.E.2d 882, 885 (Ind.Ct.App. 1991). We cannot presume that the Legislature intended to enact a statute that has useless provisions. *State ex rel. Hatcher v. Lake Superior Court, Room Three*, 500 N.E.2d 737, 739 (Ind.1986). In addition, the interpretation of a statute is a question of law reserved for the courts. *Rans*, 739 N.E.2d at 166. We review questions of law under a de novo standard and owe no deference to a trial court's legal conclusions. *Id.*

The statute at issue is Ind.Code § 19–1–29.5–13 (repealed by Pub.L. No. 316–1981, § 3 (eff.Jan.1, 1984)),[2] which governed the "[p]ower of appointment and removal of department members; rank of chief and assistant chief upon expiration of term" and provided in part:

> The commission shall have the power and authority to appoint or remove any member of the police department, but the mayor of such city shall have the sole power of appointing and removing any member of the department as chief of police and assistant chief of police of the department in accordance with the law pertaining to such cities: Provided, That the removal of any member of the police department as chief or assistant chief of said department shall be deemed as removal from rank only, and not from the police department.... Provided further, That upon expiration of the term of any chief of police and assistant chief of police department in any city, such person shall be appointed by the commission to the rank in the police

> department which he held at the time of his appointment as chief or assistant chief of the department, Provided, That in the event of the chief or assistant chief of the department, during his tenure of office has qualified in accordance with the promotional procedure as prescribed by the commission in its rules and regulations for any rank in the police department which is higher than the rank which he held at the time of his appointment as chief or assistant chief of the department, he shall, upon expiration of his term as chief, be appointed by the commission to the rank for which he has qualified under the promotion procedure.

The Union focuses upon the language that the mayor "shall have the sole power of appointing and removing any member of the department as chief of police," for the proposition that the chief of police must be an active member of the department at the time he is appointed. Terre Haute argues that Ind.Code § 19–1–29.5–13 "simply provides that, if a member of the department is appointed chief and his service terminates, he is to be returned to his former rank. The statute simply does not guarantee any similar protections for a nonmember appointed as chief." Appellee's Brief at 13. We conclude that the language of the statute is reasonably susceptible to more than one construction. Consequently, we will examine the substance and history of Chapter 29.5 in its entirety to discern the Legislature's intent. *See Deaton*, 582 N.E.2d at 885 (holding that statutory provisions cannot be read standing alone; instead, they must be construed in

---

**2.** In its appellant's brief, the Union only cites Ind.Code § 19–1–29.5–1 *et seq.* The Union also cites Ind.Code § "29–1–29.9–1," however Ind.Code Title 29 governs probate law and Ind.Code § 29–1–29.9–1 does not exist. Appellant's Brief at 4, and 7. In the Union's

reply brief, the Union argues that "[i]t is clear that under 19–1–29.5–13 the Mayor shall have 'the sole power of appointing and removing any member of the department as chief or assistant chief....'" Appellant's Reply Brief at 1.

light of the entire act of which they are a part).

In 1971, the Legislature passed Ind. Code § 19–1–29.5–13. *See* Pub.L. No. 285–1971, § 1. In 1979, the Legislature passed Ind.Code § 19–1–29.5–1.5 (repealed by Pub.L. No. 316–1981, § 3 (eff.Jan.1, 1984)), which governed the application of the chapter to "certain third-class cities" and provided:

This chapter also applies to cities of the third-class in counties . . . except that:

\* \* \* \* \* \*

(6) . . . appointments to chief of police may be made only from among the members of the police department who have attained the rank of captain or above and have held that rank for at least one (1) year.

Thus, Ind.Code § 19–1–29.5–1.5 applied the entire chapter to certain third class cities "except that," in certain third class cities, a person appointed to be the chief of police must have been a member of the police department. The Union concedes that the City of Terre Haute is a second class city, not a third class city.

■ The fact that Ind.Code § 19–1–29.5–1.5 was enacted after Ind.Code § 19–1–29.5–13 is instructive. "One inference that may be drawn from an amendment adding a provision to a statute is that, in the view of the legislature, the statute as originally drafted did not contain the provision." *Bailey v. Menzie*, 505 N.E.2d 126, 128 (Ind.Ct.App.1987). The Indiana Supreme Court has recognized that, when a statute is ambiguous, we may look to subsequent amendments for evidence of the legislature's initial intent. *See Seymour*

*Nat'l Bank v. State*, 422 N.E.2d 1223, 1226 (Ind.1981) (holding that "[i]n cases of ambiguity, we may resort to subsequent amendments in order to glean the Legislature's intent"), *modified on reh'g on other grounds by* 428 N.E.2d 203, *overruled on other grounds by Quakenbush v. Lackey*, 622 N.E.2d 1284 (Ind.1993), *reh'g denied.*

In enacting Ind.Code § 19–1–29.5–1.5, the Legislature specifically carved out an exception for certain third class cities and required that the appointment to chief of police in these cities come from members of the police department. This exception suggests that the Legislature did not initially intend Ind.Code § 19–1–29.5–13 to contain such a restriction on the appointment of the chief of police.

The chapters surrounding Chapter 29.5 govern the appointment of the chief of police in other cities. Although the Union does not argue that either Chapter 29 (repealed by Pub.L. No. 316–1981, § 3 (eff. Jan.1, 1984)), or Chapter 31.5 (repealed by Pub.L. No. 316–1981, § 3 (eff.Jan.1, 1984)), applies to Terre Haute, we find an examination of these surrounding chapters instructive.[3]

■ Ind.Code § 19–1–29–10 provides that "the mayor of such city shall have the sole power of appointing and removing any member of the department as chief of the department: Provided, That such appointment shall be made by the mayor from the personnel of said department, having had at least five (5) years' service in said department, immediately prior to such appointment. . . ." Ind.Code § 19–1–31.5–4 provided that "[t]he commission shall ap-

---

**3.** At the summary judgment hearing, the Union argued that Chapter 31.5 applied to Evansville and Chapter 29.5 applied to Terre Haute. Ind.Code § 19–1–31.5–4 governed the appointment of departmental members in "cities of the second class which are located in counties with a population of between one hundred sixty thousand (160,000) and one hundred eighty thousand (180,000)." Ind. Code § 19–1–31.5–1 (repealed by Pub.L. No. 316–1981, § 3 (eff.Jan.1, 1984)).

point or remove any member of the police department, but the mayor shall have the sole power of appointing and removing the chief of the department: Provided, That such appointment shall be made by the mayor from the personnel of said department, having had at least five (5) years service in said department immediately prior to such appointment." Thus, the surrounding chapters that apply to cities other than Terre Haute require that the mayor appoint a person from the personnel of the department as the chief of police. Ind.Code § 19–1–29.5–13, which applies to Terre Haute, does not contain a similar provision.

Given the inferences that may be drawn from the addition of Ind.Code § 19–1–29.5–1.5 to the chapter and by examining the surrounding chapters, we cannot construe Ind.Code § 19–1–29.5–13 to require that the chief of police must be a member of the police department solely because the statute provides that "the mayor of such city shall have the sole power of appointing and removing any member of the department as chief of police." Unlike Ind.Code §§ 19–1–29.5–1.5, 19–1–29–10, and 19–1–31.5–4, the statute applicable to Terre Haute, Ind.Code § 19–1–29.5–13, does not specifically limit the mayor's power to appoint a chief of police. Rather, Ind.Code § 19–1–29.5–13 focuses on the protection of members of the police department that are appointed to the position of chief of police and this protection does not compel the conclusion that only members of the police department can be appointed as the chief of police. Accordingly, even assuming, without deciding, that the Police Merit Commission could not amend the merit plan, we cannot say that Ind.Code § 19–1–29.5–13 prevented the appointment of Ralston as chief of police. Thus, the trial court did not err by granting Terre Haute's motion for summary judgment. *See, e.g., Langman v. Milos,* 765 N.E.2d 227, 236 (Ind.Ct.App.2002) (holding that the trial court did not err by granting defendant's motion for summary judgment).

For the foregoing reasons, we affirm the trial court's grant of summary judgment to Terre Haute.

Affirmed.

MAY, J. and BAILEY, J., concur.