

I N T H E

# Court of Appeals of Indiana

Jennifer Pennington and Josh Pennington,

*Appellants-Plaintiffs,*

v.

Memorial Hospital of South Bend, Inc., d/b/a Beacon Health and Fitness,

*Appellee-Defendant.*



FILED

Jun 05 2026, 9:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

June 5, 2026

Court of Appeals Case No.
25A-CT-1683

Appeal from the
St. Joseph Circuit Court

The Honorable
John E. Broden, Judge

Trial Court Cause No.
71C01-1804-CT-160

**Opinion by Senior Judge Crone**
Judges Mathias and Kenworthy concur.

**Crone, Senior Judge.**

## Statement of the Case

Jennifer Pennington swam in a new pool that was owned and operated by Memorial Hospital of South Bend, Inc., d/b/a Beacon Health and Fitness ("Beacon"). During her swim, she was injured when she struck her head on a concrete partition.

Jennifer and her husband Josh sued Beacon for negligence. Beacon raised an affirmative defense of nonparty fault, naming Spear Corporation ("Spear") and Panzica Building Corporation ("Panzica") because they were involved in designing or building the pool. Beacon had the burden of proving this defense.

The Penningtons added Panzica and Spear as defendants. All of the defendants filed motions for summary judgment. Beacon opposed Panzica's motion. The trial court granted summary judgment to Spear and Panzica, thereby effectively also granting summary judgment on Beacon's affirmative defense. The court denied Beacon's summary judgment motion in part. The court's summary judgment rulings were for the most part affirmed on appeal.

The court presided over a jury trial for the Penningtons' negligence claims against Beacon. Prior to trial, the court granted, over the Penningtons'

objection, Beacon's motion to amend its answer and raise a nonparty defense. At trial, Beacon presented evidence and argument that Spear and Panzica were partially or completely at fault for Jennifer's injuries. The jury found in favor of Beacon, determining that it was not at fault.

The Penningtons appeal, arguing that the trial court should not have allowed Beacon to amend its answer to raise a nonparty defense. Concluding that the trial court erred, and that the error was not harmless, we reverse and remand.

## Issues

The Penningtons raise four issues, which we consolidate and restate as:

> I.     Whether the trial court erred in allowing Beacon to amend its answer to raise a nonparty defense involving parties whose lack of fault had already been determined.

> II.    Whether the trial court's error was harmless.

## Facts and Procedural History

Beacon decided to construct a new health and fitness facility in St. Joseph County. In January 2015, Beacon contracted with Panzica to manage the design and construction of the facility. Panzica, through an affiliated entity named Panzica 2 Joint Venture, contracted with Spear Corporation ("Spear") to design the facility's swimming pool, which would be used for lap swimming and other aquatic fitness activities. Panzica also hired Design Organization,

Inc. ("Design Org") to perform architectural design services for the room that contained the pool.

[8] With Beacon's input, the contractors designed a rectangular swimming pool that included a set of stairs and a long ramp to facilitate entry. The steps and the ramp were placed on one of the long sides of the pool, facing each other. Wing walls were installed to separate the stairs and ramp from the swimming lanes, as is shown here:



Appellee's App. Vol. 2, p. 4. There is a twenty-two-foot-long gap between the ramp's wing wall and the stair's wing wall. No floating divider was placed across the gap, and there was no padding on the edges of the wing walls.

On November 16, 2016, Jennifer swam in the pool, which had been open for less than a week. As she swam the backstroke in the lane next to the wing walls, she drifted out of that lane and struck her head on the corner of the stairwell wing wall. She alleged that she experienced a severe head injury with permanent effects.

In April 2018, the Penningtons sued Beacon, alleging negligence and loss of consortium. Beacon filed an answer, which included an affirmative defense naming Spear and Panzica as nonparty defendants. Beacon also alleged that Jennifer's own negligence caused her injuries. The Penningtons amended their complaint to add Spear, Panzica and Design Org as defendants.[1] Ultimately, the Penningtons alleged the following claims:

> Count I: Negligent and Defective Design (Beacon, Panzica, Spear)
>
> Count II: Failure to Warn and Instruct (Beacon, Panzica, Spear)
>
> Count III: Negligent Maintenance and Operation (Beacon) (with multiple theories of causation)
>
> Count IV: Negligent Construction (Panzica and Spear)

---

[1] Design Org filed a motion for summary judgment. The Penningtons, Beacon, Panzica, and Spear opposed the motion. The trial court granted Design Org's motion, and this Court affirmed. *Panzica Bldg. Corp. v. Design Org., Inc.*, Case No. 20A-CT-1694 (Ind. Ct. App. 2021) (mem. dec.). This Court concluded that the nonmovants had failed to demonstrate a dispute of material fact as to whether Design Org "assume[d] responsibility for pool design." *Id.* at *7.

Count V:  Loss of Consortium (Beacon, Panzica, Spear)

Appellants' App. Vol. 2, pp. 201-205.

[11] Beacon, Spear and Panzica filed separate motions for summary judgment.  The Penningtons opposed the motions but abandoned their claim of negligent construction under Count IV.  Beacon opposed Panzica's summary judgment motion, designating evidence in support of its argument that it relied on Panzica's design expertise.  And Beacon supported its own summary judgment motion by designating evidence to show that it relied on Spear and Panzica to design a safe pool.

[12] The trial court granted summary judgment to Spear and Panzica on all of the Penningtons' claims.  As for Beacon, the court granted summary judgment on Counts I and II but found that disputes of material fact existed on Counts III and V.  On Count III, the court allowed only one of the Penningtons' theories to move forward:  that Beacon had failed to provide adequate warnings and instructions to pool users.

[13] The Penningtons appealed the court's summary judgment orders.  Ultimately, the Indiana Supreme Court affirmed as to Spear and Panzica.  *Pennington v. Mem'l Hosp. of South Bend, Inc.*, 223 N.E.3d 1086, 1096 (Ind. 2024).  In particular, the Court affirmed the trial court's rulings excluding evidence related to Spear and Panzica's fault.  Without that evidence, the Supreme Court concluded that the Penningtons had failed to "create an issue of fact over

whether Spear or Panzica's work fell below their professional standard of care."
*Id*.

[14] As for the Penningtons' claims against Beacon, the Indiana Supreme Court concluded there were disputes of fact as to how Beacon designed, maintained and operated the pool, under Counts I and III. Regarding the Penningtons' claim of negligent operation and maintenance, the Court concluded that the Penningtons had established a dispute of material fact as to whether Beacon owed Jennifer a duty under Restatement (Second) of Torts Section 343 to protect her from striking the wall. *See id.* at 1098 ("the substance of the claim is that a condition of the premises caused an injury"). And on the Penningtons' claim of negligent design, the Court specifically rejected Beacon's argument that it could not be at fault because it had relied entirely on Spear and Panzica's expertise. The Supreme Court stated, "there is evidence indicating that Beacon itself played a role in the design process." *Id.* at 1102. Evidence designated to the trial court demonstrated a dispute of material fact as to whether Beacon had a duty under Section 343 to discover and remedy the pool's allegedly dangerous conditions during the design phase. *Id.* The Court remanded for trial.

[15] On remand, Beacon moved to amend its answer to reassert its nonparty defense, again naming Spear and Panzica as potentially culpable. The Penningtons objected. The trial court granted Beacon's request after a hearing.

[16] Trial by jury began in June 2025. Beacon presented evidence and argument to support its defense that, if Beacon was at fault for Jennifer's injury, then Spear

and Panzica were also at fault. Including opening statements, the presentation of evidence, and closing arguments, Beacon named Spear or Panzica over one hundred times.[2] As one example, during the Penningtons' case-in-chief, Beacon cross-examined Alan Loyd, Beacon's executive director. The majority of Beacon's cross-examination of Loyd consisted of asking him to explain the design process for the pool and the extent to which Beacon had relied on Spear and Panzica's expertise in that process. Tr. Vol. 2, pp. 129-144. And during closing arguments, Beacon told the jury the following:

> If you got to this point and you believe that we have potentially have [sic] some liability in this case, and we were negligent.
>
> Then your next step is to decide who else was negligent. Dr. Pennington, Spear Corporation, Panzica Corporation. And how much fault each [sic] do they have?
>
> So you will be instructed on that point. To determine fault, refer to conduct that makes a person responsible in some degree for the harm Pennington alleges. So I want to look at Spear and Panzica Corporation. Now, I will tell you, we don't think they did anything wrong. We don't believe the pool was unreasonably dangerous. So if you decide that you agree with [Pennington's expert], that the pool was dangerous and an unreasonable risk of harm. Then the evidence is clear that it was Panzica and Spear who designed it, who would have been responsible for the wing walls and the gap. Who would have been responsible for padding or a line. And who would have been expected to communicate to the owner.

---

[2] Specifically, Beacon named Spear sixty-seven times and Panzica forty-one times in the jury's presence.

Tr. Vol. 4, pp. 110-11.

[17] The trial court's final jury instructions included several instructions related to Beacon's nonparty defense. Jury Instruction 10 provides, "You must decide this case according to the Indiana law of comparative fault. The term 'fault' refers to conduct that makes a person responsible, in some degree, for the injury suffered by Plaintiff Jennifer Pennington." Appellants' App. Vol. 14, p. 48. Jury Instruction 11 provides, in relevant part: "Beacon has claimed certain defenses including . . . the defense that certain non-parties, Panzica Building Corp. and Spear Corp., are the cause of plaintiff's alleged injuries . . . . Beacon must prove its defenses by the greater weight of the evidence." *Id.* at 49. And Jury Instruction 33 provides, in relevant part:

> To decide if Jennifer Pennington is entitled to recover damages from Beacon, and if so, the amount of those damages, you must apportion the fault of Jennifer Pennington, Beacon, Spear Corporation, and Panzica Building Corporation on a percentage basis. Do this as follows: First, if Beacon is not at fault, return your verdict for Beacon and against the Penningtons; and deliberate no further. (Use Verdict Form No. 1.)
>
> If Beacon is at fault, decide Beacon's percentage of fault, and the percentage of fault, if any, of Jennifer Pennington, Spear Corporation and Panzica Building Corporation that caused Jennifer Pennington's injuries. These percentages must total 100 percent. Do not apportion fault to any other person or entity.

*Id.* at 72.

[18] The jury returned a verdict in favor of Beacon, concluding that Beacon was "not at fault[.]" Appellants' App. Vol. 14, p. 78. This appeal followed.

# Discussion and Decision

## I. Fault and Nonparty Defenses

[19] The Penningtons argue that the trial court erred by granting Beacon's motion to amend its answer to raise a nonparty defense naming Spear and Panzica, whose lack of fault had already been determined during summary judgment proceedings.

[20] Trial courts have "broad discretion in granting or denying amendments to pleadings[.]" *In re Estate of Hurwich*, 103 N.E.3d 1135, 1139 (Ind. Ct. App. 2018), *aff'd on reh'g*, 109 N.E.3d 416. We will reverse for an abuse of that discretion. *Kimberlin v. DeLong*, 637 N.E.2d 121, 128 (Ind. 1994). But the dispositive issue in this appeal is a question of law involving a nonparty defense under the Comparative Fault Act ("the Act"). We review questions of law under a de novo standard and do not defer to the trial court's legal conclusions. *Cash in a Flash, Inc./Hobart v. Hoffman*, 841 N.E.2d 644, 647 (Ind. Ct. App. 2006).

[21] The Act, codified at Indiana Code section 34-51-2-1 et seq., applies to "any action based on fault that is brought to recover damages for injury or death to a person or harm to property," except for medical malpractice actions. Ind. Code § 34-51-2-1 (1998). "Fault" is defined as "any act or omission that is negligent, willful, wanton, reckless, or intentional toward the person or property of

others." Ind. Code § 34-6-2.1-68(b) (2025). In any tort case where the Act is at issue, "legal requirements of causal relation apply to . . . fault as the basis for liability . . . and . . . contributory fault." Ind. Code § 34-51-2-3 (1998).

In the context of the tort of negligence, proximate cause is the "legal requirement[]" of causation referenced in Indiana Code section 34-51-2-3. *See Shiel Sexton Co., Inc. v. Towe*, 154 N.E.3d 827, 832 (Ind. Ct. App. 2020) (setting forth the elements of negligence). For example, when apportioning fault among actors who may have caused or contributed to a plaintiff's loss, "the jury is first required to decide whether an actor's negligence was a proximate cause of the plaintiff's injury." *Control Techniques, Inc. v. Johnson*, 762 N.E.2d 104, 109 (Ind. 2002). "If there is no negligence, there is no fault, and apportionment is not possible." *Crist v. K-Mart Corp.*, 653 N.E.2d 140, 146 (Ind. Ct. App. 1995).

The Act provides for an affirmative defense of nonparty fault: "In an action based on fault, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." Ind. Code § 34-51-2-14 (1998). In a case where there is only one defendant:

> The jury shall determine the percentage of fault of the claimant, of the defendant, and of any person who is a nonparty. The jury may not be informed of any immunity defense that is available to a nonparty. In assessing percentage of fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property, tangible or intangible, regardless of whether the person was or could have been named as a party.

Ind. Code § 34-51-2-7(b) (1998). Beacon was obligated to prove its affirmative defense. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 911 (Ind. 2001).

[24] In the nonparty context, "fault" should not be confused with "liability," i.e., legal responsibility for damages. Fault, not liability, is at the core of the nonparty defense. Entities who cannot be found liable may still be at fault for negligence. For example, if liability is barred by statute, or if the nonparty is immune from liability, or if a nonparty has settled and contractually resolved its liability to the plaintiff, a defendant may still argue that the nonparty is at fault.[3] But if a nonparty's lack of fault has been adjudicated, then a defendant may no longer raise the affirmative defense of nonparty fault. *See Crist*, 653 N.E.2d at 146 (trial court, as finder of fact, did not err in failing to apportion fault to a defendant in negligence case; defendant did not have duty to plaintiff, and in

---

[3] *See, e.g.*, *Bulldog Battery Corp. v. Pica Investments, Inc.*, 736 N.E.2d 333, 338 (Ind. Ct. App. 2000) (holding that defendant should have been permitted to name a nonparty who may have "caused or contributed to the cause of the plaintiff's injury[,]" even though nonparty could not be held liable to plaintiff for any damages due to a lack of privity of contract); *Witte v. Mundy ex rel. Mundy*, 820 N.E.2d 128, 133 (Ind. 2005) (holding that trial court erred in denying defendant's motion to name plaintiff child's mother as a nonparty defendant because, even though the doctrine of parent-child immunity barred mother from being held liable to the child for causing or contributing to the child's injuries, defendant's share of fault, if any, for the child's injuries could still be reduced due to mother's negligence). We also note that a defendant may raise a nonparty defense naming another defendant who settled with the plaintiff before trial. *See Koziol v. Vojvoda*, 662 N.E.2d 985, 989 (Ind. Ct. App. 1996) (holding that trial court did not err in allowing defendant to name former defendant as nonparty because, although the settling defendant's liability to the plaintiff may have been resolved, the remaining defendant was still permitted to argue that its own share of fault should be reduced if the settling defendant had caused or contributed to the plaintiff's injury). The Act explicitly permits naming as nonparties actors who cannot be held liable due to a statutory or common law immunity. As indicated above, Indiana Code section 34-51-2-7(b) states that juries may not be informed of a nonparty's immunity defenses.

absence of duty, negligence claim failed and defendant could not be at fault as defined by Act).

[25] Here, in holding that the designated evidence on summary judgment failed "to create an issue of fact over whether Spear or Panzica's work fell below their professional standard of care[,]" *Pennington*, 223 N.E.3d at 1096, the Supreme Court necessarily determined that Spear and Panzica were not negligent. *See Peters v. Forster*, 804 N.E.2d 736, 742 (Ind. 2004) (observing that there can be no negligence absent a breach of duty). Although Beacon proffered evidence of Spear and Panzica's negligence, the Court also necessarily rejected Beacon's affirmative defense that Spear and Panzica were at fault, because there can be no fault without negligence. Accordingly, the jury should not have been allowed to consider whether to apportion fault to Spear and Panzica.[4] The trial court erred in granting Beacon's motion to amend its answer to add a nonparty defense.[5]

---

[4] We are unpersuaded by Beacon's citation to *Osterloo v. Wallar ex rel. Wallar*, 758 N.E.2d 59 (Ind. Ct. App. 2001), *trans. denied*, because the fault of the plaintiff's child's father, who was shielded from liability under the doctrine of parental immunity, had not been adjudicated on the merits prior to trial; thus, the defendant should have been allowed to present evidence and argument to the jury that some degree of fault for the child's injury should be allocated to the child's father. Likewise, we find no merit in Beacon's reliance on *Nationwide Ins. Co. v. Parmer*, 958 N.E.2d 802 (Ind. Ct. App. 2011), which is an outlier in holding that the trial court did not err in allowing a defendant to name as nonparties former defendants who had been granted summary judgment on the plaintiff's negligence claim. Indiana does not recognize horizontal stare decisis, so we are not bound by and thus respectfully decline to follow *Parmer* here.

[5] The parties also dispute: (1) whether Beacon's motion to amend was barred by principles of collateral estoppel; and (2) whether Beacon's motion to amend was timely. We do not need to address those disputes due to our resolution of the issue above.

## II. Harmless Error

[26] Beacon argues that if the trial court erred in granting its motion to amend its answer, that error was harmless. Indiana Appellate Rule 66(A) provides:

> No error or defect in any ruling or order or in anything done or omitted by the trial court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.

The party seeking relief bears the burden of demonstrating how, in light of all of the evidence in the case, the error's probable impact undermines confidence in the outcome of the proceeding below. *Stabosz v. Friedman*, 274 N.E.3d 480, 488 (Ind. Ct. App. 2025).

[27] Beacon's nonparty defense was one of two central elements of its trial strategy: Beacon denied any negligence in the pool's design, maintenance, or operation, but it also presented evidence and argument to show that Spear and Panzica, and also Jennifer, were responsible for any negligence that occurred. Beacon named Spear or Panzica over one hundred times in the jury's presence. The trial court's jury instructions identified Beacon's nonparty defense and discussed how to allocate fault among the parties and nonparties. In sum, the jury was repeatedly presented with evidence and argument that Spear and Panzica were either partially or completely at fault for any negligence.

[28] Beacon argues that the probable impact of the error on the jury's verdict was minimal because the jury returned a general verdict form stating that Beacon

was not at fault. Beacon claims that the jury must have followed Jury Instruction 33, which is quoted above, and, having determined that Beacon was not negligent, never reached the question of whether Panzica or Spear were partially or completely at fault for Jennifer's injury.

[29] Here, the trial court's error allowed the jury to hear extensive evidence and argument as to the fault of Spear and Panzica, even though their lack of fault was adjudicated during previous summary judgment proceedings. Beacon repeatedly urged the jury to consider Spear and Panzica completely at fault for any negligence. Under these circumstances, the error in allowing the nonparty defense fundamentally undermines confidence in the jury's verdict. *See Templin v. Fobes*, 617 N.E.2d 541, 544-45 (Ind. 1993) (trial court should not have allowed defendant to raise nonparty defense because request was untimely; reversal of jury trial verdict was required because jury was erroneously permitted to assign fault among three parties rather than two).[6]

[30] Beacon's final argument on harmless error is that even if the trial court had barred Beacon from naming Spear and Panzica as nonparties, and Beacon had

---

[6] We are unpersuaded by Beacon's reliance on *Koziol*, 662 N.E.2d at 992, where the Court determined that the trial court did not err in giving the jury verdict forms that allowed the jury to attribute fault to the plaintiff, because there was no question that the defendant in that case was allowed to claim the plaintiff was at fault for his own injuries. Here, the jury should not have heard extensive evidence and argument about Spear and Panzica's fault for Jennifer's injury. We are also unpersuaded by Beacon's citation to *Utley v. Healy*, 663 N.E.2d 229 (Ind. Ct. App. 1996), *trans. denied*, because in that case, the plaintiff did not challenge the defendant's nonparty defense, only the verdict form. Beacon also argues that the Penningtons waived any purported error because they did not object to the trial court's jury instructions on contributory negligence. But this appeal is not primarily a jury instructions case. The Penningtons are challenging the trial court's grant of Beacon's request to present a nonparty defense. The jury instructions are relevant only on the question of harmless error.

not been allowed to argue that Spear and Panzica shared in the fault, if any, for Jennifer's injuries, Beacon still would have been entitled to present evidence that it relied on Spear and Panzica's expertise in designing and operating the pool to defend itself against the Penningtons' negligence claim. Thus, Beacon reasons, the jury would have heard the same evidence in any event.

[31] We agree that, even without the nonparty defense, Beacon would have been allowed to present evidence and argument that it relied on Spear and Panzica while designing and operating the pool. But that evidence and argument would have pertained only to whether Beacon acted with reasonable care in the design phase, not whether Spear and Panzica shared in any fault due to their own negligence. And, as the Supreme Court determined, "the substance of the [Penningtons'] claim is that a condition of the premises caused an injury." *Pennington*, 223 N.E.3d at 1098. Beacon did not rely upon Spear and Panzica in operating the pool. Beacon would not have been allowed to argue that any fault must be allocated to Spear and Panzica, and the trial court would not have instructed the jury that they could potentially allocate fault to four parties (Beacon, Spear, Panzica, and Jennifer) instead of two. Under these circumstances, the Penningtons have met their burden of proving that the error affected their substantial rights. They are entitled to a new trial.

## Conclusion

[32] For the reasons stated above, we reverse the judgment of the trial court and remand for a new trial.

Reversed and remanded.

Mathias, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANTS

Daniel H. Pfeifer
James P. Barth
Pfeifer, Morgan & Stesiak
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Louis W. Voelker
Kyle G. Grothoff
Eichhorn & Eichhorn, LLP
Hammond, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA TRIAL LAWYERS ASSOCIATION

Michael P. Smyth
Jones Law Office, LLC
South Bend, Indiana