# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2018, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael M. Williams
Michigan City, Indiana

ATTORNEYS FOR APPELLEES
ALLEN COUNTY SUPERIOR AND
CIRCUIT COURTS AND HON.
WENDY DAVIS

Curtis T. Hill, Jr.
Attorney General of Indiana

Patricia C. McMath
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
CLERK LISBETH A. BORGMANN

Thomas A. Hardin
Shine & Hardin LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael M. Williams, | November 15, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 02A03-1708-MI-1913 |
| v. | Appeal from the Allen Superior Court |
| Allen County Superior and Circuit Courts, Wendy W. | The Honorable Nancy Eshcoff Boyer, Judge |

| | |
|---|---|
| Davis, Lisbeth A. Borgmann, and Marcia Terenet, | Trial Court Cause No. 02D01-1610-MI-1035 |
| *Appellees-Defendants.* | |

**Shepard, Senior Judge.**

Michael Williams received a paper copy of his trial transcript but later requested a copy of the original recording under Indiana's Access to Public Records Act. He contends that a defendant is entitled to a record of his trial proceedings in the format of his choice. The trial court granted summary judgment to Allen County court officials, determining Williams did not need a copy of the recording because the paper copy was sufficient. We affirm.

## Facts and Case History

In 1989, Williams was convicted in Allen County of battery, a Class C felony, in Cause Number 02D04-8905-CF-395 (CF-395). He did not appeal. In a later case, Williams' battery conviction was cited as a predicate felony for a habitual offender enhancement. He remains incarcerated.

In 1999, Williams filed a petition for post-conviction relief on the battery conviction but withdrew it in 2001 after obtaining a copy of his trial transcript. In 2008, Williams requested leave for a belated appeal of his battery conviction, but the trial court denied his request. This Court affirmed. *See Williams v. State*, No. 02A03-0805-CR-218 (Ind. Ct. App. Sept. 29, 2008), *trans. denied*.

[4]     On January 19, 2014, Williams sent a request for access to public records to the Allen County Courthouse, asking for a copy of the "trial disc" from CF-395. Appellant's App. Vol. 2, p. 55. The Allen Circuit and Superior Courts Clerk denied his request, stating the office did not have such a disc. The Allen Superior Court separately denied his request, stating that the court "does not make copies of 'trial disks'" but that he was otherwise free to inspect the court's files. *Id.* at 79.

[5]     In February 2014, Williams filed a formal complaint with the Indiana Public Access Counselor asking for a ruling that he is entitled to a copy of the trial disc. The Allen Superior Court filed a response. Neither party advised the Counselor that Williams already had a printed copy of the trial transcript. On April 1, 2014, the Counselor issued an advisory opinion recommending that the court give Williams a copy of the recording if "the Court has . . . the method of electronic retrieval to make a trial disk of your proceeding." *Id.* at 73.

[6]     In December 2014, Williams filed a second petition for post-conviction relief on his battery conviction. It appears from the record that the petition is pending.

[7]     On April 21, 2016, Williams filed a complaint in Sullivan County (where he was incarcerated at the time) against the Allen County Circuit and Superior Courts, Judge Wendy W. Davis, Allen County Clerk Lisbeth A. Borgmann, and Court Reporter Marcia Terenet, claiming they violated the Access to Public Records Act, Indiana Code section 5-14-3-1 *et seq.*, by failing to give him a copy

of the trial recording. He asked that the defendants be ordered to provide a copy of the disc and to pay civil penalties.

[8] The case was transferred to Allen County, where the parties filed cross-motions for summary judgment. On July 20, 2017, the trial court granted summary judgment to the court officials, stating that they met their obligations under APRA by giving Williams the paper transcript in 1999. This appeal followed.

## Analysis

[9] A movant is entitled to summary judgment "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). We review summary judgment de novo. *Schoettmer v. Wright*, 992 N.E.2d 702 (Ind. 2013). We construe all facts and reasonable inferences drawn therefrom in a light most favorable to the non-moving party. *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906 (Ind. 2009). We owe no deference to a trial court's legal conclusions. *Int'l Union of Police Assocs., Local No. 133 v. Ralston*, 872 N.E.2d 682 (Ind. Ct. App. 2007). Cross-motions for summary judgment do not alter this standard or change our analysis. *Erie Indem. Co. v. Estate of Harris*, 99 N.E.3d 625 (Ind. 2018).

[10] Williams accuses the court, the clerk, and the court reporter of acting "above the law" in denying his request for a copy of his trial recording. Appellant's Br. p. 8. The trial court ruled otherwise, and we agree.

[11]    The General Assembly has determined:

> it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees.  Providing persons with the information is an essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty it is to provide the information.  [APRA] shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.

Ind. Code § 5-14-3-1 (1995).  We apply a presumption in favor of disclosure of records.  *Evansville Courier & Press v. Vanderburgh Cty. Health Dep't*, 17 N.E.3d 922 (Ind. 2014).

[12]    The version of APRA that was in effect when Williams filed his records request in 2014 declared:  "[a]ny person may inspect and copy the public records of any public agency during the regular business hours of the agency."  Ind. Code § 5-14-3-3(a) (2012).  The Indiana Supreme Court has declared a similar broad policy in Indiana Administrative Rule 9(D)(1), which provides that court records shall be "accessible to the public."  If a public agency denies a request to inspect a record, a trial court reviews the matter de novo, "with the burden of proof on the public agency to sustain its denial."  Ind. Code § 5-14-3-9 (2013).

[13]    APRA defines a public record as:

> any writing, paper, report, study, map, photograph, book, card, tape recording, or other material that is created, received, retained, maintained, or filed by or with a public agency and which is generated on paper, paper substitutes, photographic media, chemically based media, magnetic or machine readable media, electronically stored data, or any other material, regardless of form or characteristics.

Ind. Code § 5-14-3-2 (2013). Copying a record is defined as "transcribing by handwriting, photocopying, xerography, duplicating machine, duplicating electronically stored data onto a disk, tape, drum, or any other medium of electronic data storage, and reproducing by any other means." *Id.*

[14] The Code further provides:

> A public agency that maintains or contracts for the maintenance of public records in an electronic data storage system shall make reasonable efforts to provide to a person making a request a copy of all disclosable data contained in the records on paper, disk, tape, drum, or any other method of electronic retrieval if the medium requested is compatible with the agency's data storage system.

Ind. Code § 5-14-3-3(d).

[15] Indiana Administrative Rule 9(D)(4) states that a person may not be denied a right to access a court record, but a "Court may manage access to audio and video recordings of its proceedings to the extent appropriate to avoid substantial interference with the resources or normal operation of the court . . . ."

[16] If a statute is clear and unambiguous, we apply its words and phrases "'in their plain, ordinary, and usual sense.'" *Garner v. Kempf*, 93 N.E.3d 1091, 1094 (Ind. 2018) (quoting *KS&E Sports v. Runnels*, 72 N.E.3d 892, 898-99 (Ind. 2017)). Williams already had a paper copy of the transcript from CF-395 when he requested a copy of the recording in 2014. He had received the paper copy, in the form he had requested, during his prior post-conviction proceeding, consistent with ARPA. Nothing in ARPA or Administrative Rule 9 at the time Williams filed his request required the Allen Superior Court or the trial court clerk to give him a second copy of the trial record in a different format.[1]

[17] Even if Williams was entitled to a copy of the original recording, the Allen Superior Court and the trial court clerk informed the trial court through a court employee's affidavit that they no longer have it. Williams did not provide any evidence to the contrary. Court officials cannot be required to produce what they do not have, especially after Williams waited twenty-five years to present his request.

[18] Further, neither the trial court nor the trial court clerk breached their recordkeeping obligations. In 1989, Indiana Criminal Rule 5 provided, "a

---

[1] In 2018, the Indiana General Assembly amended Indiana Code section 5-14-3-3 to state, "A public agency shall provide an electronic copy or a paper copy of a public record, at the option of the person making the request for the public record. This subsection does not require a public agency to change the format of a public record." 2018 Ind. Acts 2196. Even if the 2018 amendment applied to Williams' case, it would not change the result because Williams originally requested a copy of the trial proceedings in paper format. Moreover, it may be that this amendment actually constitutes a declaration about court procedure, which is governed by Supreme Court rules.

printed transcript shall be produced and maintained as a court record for fifty-five years." Trial courts were required to maintain recordings only "[i]f a transcript of the recorded matters has not been prepared." *Id.* There is no dispute that the Allen Superior Court prepared a transcript and gave Williams a copy, so the court was not obligated to also retain the recording. The trial court did not err in determining the court officials were entitled to judgment as a matter of law.

Williams argues he is entitled to a copy of the trial recording because the Counselor determined it should be provided to him. While we carefully consider the Counselor's decisions, they are "advisory." Ind. Code § 5-14-4-10 (1999). In this case the Counselor's determination was based on incomplete facts because neither party told the Counselor that Williams had already received a paper copy of the transcript.

Finally, Williams argues he is entitled to an award of costs and fees. A plaintiff in an action to compel access to public records is so entitled, but only if he "substantially prevails." Ind. Code § 5-14-3-9(i) (2013). Counsel Thomas Hardin correctly observes for the clerk that "Williams cannot be said to have 'substantially prevailed' by any definition of the term." Appellant Borgmann's Br. p. 14.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Kirsch, J., and May, J., concur.